GEORGE R. HOLMES *v.* THE ESTATE OF HARRIET N. HOLMES.

*Probate Court.   Appeal, &c.*

As the law now stands the Supreme Court have no general jurisdiction, in probate matters, to rehear and determine them, upon their merits.

Power to revise questions resting in discretion, which have been passed upon by the probate court, by our present statute is conferred upon the *county court*, which, in this respect, is but a higher court of probate.

The removal of an administrator, for any cause, within the jurisdiction of the probate court, and which is, by law, a sufficient ground of removal, is, by the statute, and upon general principles, a matter of discretion merely, and as such cannot be revised by this court.

In probate matters the Supreme Court sit merely as a court of error, the same as in cases at common law.

APPEAL from a decree of the probate court, for the district of Orleans, removing George R. Holmes, the plaintiff, administrator of the estate of Harriet N. Holmes.

On the trial the following facts were conceded, viz: That the said George R. Holmes was the husband of the said Harriet N. Holmes; and that they were married at Derby, in the county of Orleans, in September, A. D. 1845, and resided in Derby till the death of Mrs. Holmes, in June, 1846, that she died without issue. The father of Mrs. Holmes deceased before her marriage, but her mother and several brothers and sisters were living at the time of her decease and are still living. At the time of the marriage of said George R. and Harriet N. Holmes, Mrs. Holmes held several notes payable to her, which were not paid during coverture, and are still unpaid, and she left no other estate except said notes. That at the time of the appointment of the said Geo. R. Holmes as administrator, on the estate of his wife, he resided in Stanstead in Canada, and has ever since resided there.

That the mother, brothers and sisters of Mrs. Holmes reside in Derby.

The County Court, June Term, 1853,—POLAND, J., presiding,—adjudged that the said Geo. R. Holmes was properly removed as administrator by the probate court, and ordered the

decree, removing him as such administrator, to be affirmed and certified back to the probate court, &c.

Exceptions by plaintiff.

*H. F. Prentiss* for plaintiff.

The ground assigned by the probate court for the removal of plaintiff as administrator, is, that at the time of his appointment he resided, and still continues to reside, out of the state, and that he was not the next of kin to said deceased, nor a creditor to said estate; *therefore* the appointment of said Holmes, as administrator was contrary to the statute, and for this reason he was removed.

1st. The statute does not require of a person, in order to make him *eligible* to the appointment of administrator, that he shall be a resident of the state, nor does it require that he shall be the next of kin, or a creditor. In certain cases it gives the preference to the next of kin, or to some one of the creditors; and in other cases, or under other circumstances, the probate court may appoint whom it pleases, without regard to kin or creditors. Comp. Stat. 336 § 4.

The intestate died in June, 1846, and letters of administration did not issue till the 5th of February, 1853; and it does not appear that there was any application for administration, till the appellant was appointed; and he was the " such other persons as the probate court judged *proper* to appoint." Comp. Stat. 336 § 4.

It is true that by of Chap. 50 § 13, of the Comp. Stat. as amended by the act of 1852, (No. 20, 16,) if any executor or administrator, shall reside out of this state, &c., the probate court may, *in its discretion,* order such executor or administrator to be removed.

That *discretion,* however, must be exercised in accordance with law; and if the probate court, in the use of that discretion, have gone contrary to established principles, this court, sitting as a probate court in this case, will revise that discretion and correct the order.

Now all the causes assigned by the probate court for the removal of the plaintiff as administrator, were known to the court at the time of his appointment, and I may add, without impertinence, were fully discussed before his Honor; and there was an adjudication of this question by the probate court, from which there was no appeal, and it became a matter of record, that this plaintiff was

the proper person to administer upon this estate. There was, therefore, great impropriety in the removal. *Lawrence* v. *Englesby,* 24 Vt. 42.

In the language of Judge WILLIAMS, in a case somewhat similar to this, (*Wiley* v. *Brainard,* 11 Vt. 113,) "it would be highly inconsistent for a court of probate, at one sitting, to grant letters of administration or letters testamentary, and at another to vacate them for reasons which existed and were known to them when such letters were granted."

The appointment was not contrary to law, and therefore the reason for the removal is unsubstantial and the order should be vacated.

2d. There are, however, very potent reasons why this plaintiff is the proper and legitimate adminstrator on his wife's estate.

1st. He is supposed to be better acquainted with her affairs than any other person, and therefore more competent to administer upon them. By statute you give the right of administration on the husband's estate first to the wife. If there be any reason for this rule, how much more powerful and substantial must be the reasons why the husband should administer on the wife's estate. The duties and labors of administration are not such as come within the ordinary and legitimate sphere of females, but are peculiar to the business and habits of men. It is virtually an *insult* to the dignity and capacity of man to say, that the wife may administer upon his estate, but he shall not upon hers.

2d. By law he has the right to administer as the *next of kin,* or as her next friend.

There has been much discussion whether the husband is of *kin* to the wife, and much disagreement. By reference to Dr. Webster we find that the word *kin* is used for relation by affinity as well as for relation by consanguinity. If this be true, and the husband be of kin to the wife, he is the next of kin; for who is there in the wide world more nearly and dearly related to the wife than the husband? It is for him that she forsakes all other kin, and in the fullness of her joy, she most beautifully exclaims, "whithersoever thou goest I will go, thy people shall be my people and thy God my God."

Chancellor KENT, in his Commentaries, (1st. Ed. Vol. 2, 334,) treating of this subject, says, "husbands are entitled to demand

Holmes *v.* Estate of Holmes:

and have administration of their wives' estates, and the law and course is to grant administration, 1st, to the husband or wife ; 2d, to the children," &c.; and this same rule is laid down by Blackstone.

Kent excepts the husband, administering on his wife's estate, from those who are obliged to give bonds for the faithful execution of their trusts. (Com. Vol. 2, 335.)

The next and most lawful *friend* of the intestate is to be selected as administrator, who is interpreted to be the husband if he were not entitled at common law. ˙ Stephens' *Nisi Prius* Vol. 2, 1871. See also Hensloe's case, 9 Co. 39.

From these authorities the doctrine is established, that, at common law, the husband has a right to administer. And the provision in the statute which grants administration first to the wife or next of kin, means, in the case of the death of the wife, to the husband, &c.

The husband has a right, exclusive of all others, to be the administrator of his wife. Black. Com. Vol. 2, 504. Toller on Executors 84–85. Reeve's Dom. Relations 12. Stephens' *Nisi Prius* Vol. 2, 1871, and the following cases there cited. *Humphrey* v. *Bullen,* 1 Aik. 459. Sand's case Salk. 22. *Elliot* v *Gun,* Phill. 19. *Watt* v. *Watt,* 3 Ves. 244.

3d. In this case, there being no creditors, and the whole estate consisting of *choses in action,* vesting in the husband at the decease of the wife, he is peculiarly the proper person to administer.

If this right is denied him, you compel him to pay out of his own pocket, for services in relation to his own property, which he is perfectly competent, and chooses to perform himself. ˳

It is now well settled, and I doubt an authority can be found to the contrary, that the husband, who survives his wife, is entitled to all her *choses in action* whether reduced into his possession or not, in her life time. And most of the authorities go to the extent, that in case of the husband's death, after the wife, administration should be granted to the next of kin of the husband, and if obtained by a third person he is a trustee for the representative of the husband. Reeve's Dom. Relations, 12. Stephens' *Nisi Prius* Vol. 1, 745. Toller on Executors, 217 & 373. Co. Litt. 351. Kent's Com. Vol. 2, 114. Story on Bills 116. *Whitaker* v. *Whitaker,* 6 Johns. 111. *Richards* v. *Richards,* 2 Barn & Ad. 447.

*Peck & Colby* for defendant.

The removal of Holmes for the cause stated was purely an act of *discretion* in the probate court, and there being no excess of authority this court will not re-examine a discretionary act of that court, on error.

It was so held in Orange County Supreme Court, March Term, 1854.

The decree is clearly within the statute, the administrator residing " out of the state."

2. The question of the husband's right to the *choses in action* of which the wife dies possessed, is not perhaps involved in this case. Under the statute of Car. 2d. he is allowed to administer as " next of kin;" but in this state he is not so entitled. He is not embraced in the terms " next of kin." 1 Ropers' Husband & Wife 326.

The opinion of the court was delivered by

REDFIELD, Ch. J. Until the revised statutes gave an appeal, in probate cases, to the county court, and only allowed exceptions upon questions of law, in such cases, to come into this court, all probate matters, resting in discretion, were subject to revision in this court, upon the same grounds they were to be originally decided, in the probate court. This is now the rule of decision of such questions, in the county court, which is but a higher court of probate, for determining appeals in such matters, as this court formerly was.

But, as the law now stands, this court have no general jurisdiction, in probate matters, to rehear and determine them, upon their merits, as under the former statutes. We sit merely as a court of error, in such cases, as much as in cases at common law. The removal of an administrator, for any cause, within the jurisdiction of the probate court, and which is, by law, a sufficient ground of removal, is, by the statute, and upon general principles, a matter of discretion merely, and as such, not revisable in this court, as was held in the county of Orange, two weeks since.

The argument addressed to us, had we the control of the whole case, might have much force, but cannot justify us in saying there was any error of law.

Judgment affirmed.