Oscar M. Johnson *v.* Clyde G. Rickard.

(66 A2d 23)

February Term, 1949.

Present: Sherburne, Jeffords, Cleary, Adams, JJ. and Black, Supr. J.

Opinion filed May 3, 1949.

*Everett L. Hathorne,* for the plaintiff.

*Alban J. Parker* and *Palmer D. Ainsworth,* for the defendant.

Cleary, J.   This is a suit to recover money claimed to have been paid as usurious interest.   On April 26, 1948, the Windsor County Court overruled plaintiff's demurrer to defendant's plea, adjudged the plea sufficient and passed the cause to the Supreme Court before final judgment.   The record does not show any exceptions taken, allowed or filed to that action of the Court.   On May 18, 1948, plaintiff filed a motion to transfer the cause to the Court of Chancery.   Defendant objected and moved for judgment.   The case is here on defendant's exceptions to the order of the county court granting plaintiff's motion to transfer and to the denial of defendant's motion for judgment.   On defendant's motion the order to transfer was stayed and the cause was passed to the Supreme Court before final judgment.

Defendant's first objection to the transfer was that the matter had been finally adjudicated on April 26, 1948.   That objec-

tion was not sound because the court's order of April 26, 1948, was not a final adjudication, *Beam* v. *Fish,* 105 Vt 96, 97, 163 A 591. The order itself said so.

Defendant's only other objection to the transfer was that plaintiff had not taken any steps to comply with the court order of April 26, 1948, through prosecuting his appeal to the Supreme Court. The Supreme Court has no right of appellate review in the absence of a statute granting it. *Stevens* v. *Wright,* 108 Vt 359, 360, 187 A 518. The statute granting the right in this case is VS (1947) § 2124. That section gives authority to the county court to pass the cause to this Court and the right of review here only in cases where exceptions are taken and filed. *Sherwin* v. *Ladd and Lord,* 95 Vt 187, 189, 113 A 522.

■ This was not done and therefore the cause was still in county court. The jurisdiction of this court does not attach until exceptions are filed in county court. *Downer* v. *Battles,* 103 Vt 201, 202, 203. 152 A 805.

By filing his motion to transfer to the court of chancery plaintiff waived his right to except to the overruling of his demurrer. There being no final judgment the county court, in its discretion, could allow him to replead or, in a proper case, could grant his motion to transfer into equity. *Rea* v. *Harrington,* 58 Vt 181, 184, 2 A 475, 56 AR 561; *Houston* v. *Brush & Curtis,* 66 Vt 331, 337, 29 A 380; *German* v. *Bennington & Rutland Railway Co.,* 71 Vt 70, 42 A 972; *Bowen* v. *Grand Trunk Ry Co.,* 86 Vt 483, 485, 86 A 306; *Frederick* v. *Gay's Express,* 111 Vt 411, 413, 17 A2d 248; county court rule 14; V. S. (1947) § 1619. As to whether this was a proper case to transfer into equity is not before us because no exception was taken on that ground. After authorizing the transfer the county court properly denied defendant's motion for judgment. *Judgment affirmed and cause remanded.*