. ABEL'S, INC. *v.* BERNARD NEWTON.

(74 A2d 481)

February Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed May 2, 1950.

*Vernon J. Loveland* and *Donald H. Hackel* for the plaintiff.

*Paul R. Teetor* for the defendant.

BLACKMER, J.   The plaintiff's bill in chancery went to hearing, findings of fact were filed, and a decree entered dismissing the bill. He seasonably filed a bill of exceptions which referred to the files, pleadings, exhibits, docket entries, requests for findings, findings of fact, and decree, and made them a part of the bill for all purposes.   The bill of exceptions contained this provision: "Exceptions allowed, subject to amendment by any party on or before thirty days from the date hereof, and said cause passed to the Supreme Court."   The recital "Exceptions allowed" is the only mention of any plaintiff's exception or exceptions in the bill itself, including the documents made a part thereof.

The bill of exceptions was met on the threshold by a motion to dismiss on the ground that there was no question presented for review.   Thereafter, after the expiration of the thirty days allowed for amendment, but before argument here, the plaintiff filed an amended bill of exceptions, identical with his first, save for the addition of the words "to which decree plaintiff excepted."

The sole question which the plaintiff seeks to raise here is whether the decree is supported by the findings.   This the defendant contends he cannot do for want of an exception to the decree.

It is appropriate first to inquire whether an exception to the decree is necessary in order to raise the issue whether the findings are sufficient to support the decree.   Formerly no such exception was necessary.   Under P. L. 1933, §§ 1252, 1269 and 1321, an appeal was allowed from the decree of a court of chancery.   This appeal, without the notation of an exception to the decree, was held to present here the matter of whether the decree was warranted by the pleadings and supported by the findings.   *Rice and Woods* v. *Woodstock,* 112 Vt 366, 368, 24 A2d 355; *Burlington Building & Loan Ass'n.* v. *Cummings,* 111 Vt 447, 452, 17 A2d 319; *Hunt* v. *Spaulding et ux,* 108 Vt 309, 312, 187 A 379; *Vilas* v. *Seith et al,* 108 Vt 18, 20, 183 A 854.

No. 34 of the Acts of 1941 was entitled "An Act to Standardize the Passing of Causes to the Supreme Court."   It provided that causes before the court of chancery and other tribunals should pass to the Supreme Court in the same manner as if passed to the Supreme Court from the county court, and suspended the operation of all statutes giving "appeals" to the extent that they were inconsistent with the provisions of the act. *Notte* v. *Rutland Railroad*

274

*Co.,* 112 Vt 305, 308-309, 23 A2d 626. This Act became V. S. 47, § 2128. In the Revision of 1947, those sections of the Public Laws cited in the preceding paragraph became V. S. 47, §§ 1285, 1302 and 1355 respectively. Thereby the body of the statutory law was made consistent with the letter and spirit of No. 34, Acts of 1941, now V. S. 47, § 2128. The result was that appeals in chancery as they had existed prior to the legislation of 1941 were abolished. The procedure of P. L. Chapter 89, now V. S. 47, Chapter 99, namely, passing causes to this court through the medium of a bill of exceptions, was substituted therefor. It follows that such cases as *Rice & Woods* v. *Woodstock, Burlington Building & Loan Ass'n.* v. *Cummings, Hunt* v. *Spaulding et ux, Vilas* v. *Seith et al,* all *supra,* and others dealing with chancery appeals under the former practice, have lost their validity as precedents, insofar as the holdings therein deal with the abolished appeals. Conversely, those cases having to do with passing causes to this Court from the county courts are now pertinent precedents in the passing of causes from the court of chancery.

It is settled that an exception to the judgment of a county court is necessary to raise questions concerning that judgment. *Jeaness* v. *Simpson,* 84 Vt 127, 133, 78 A 886. But a general exception, reciting no specific grounds, is sufficient to raise the question whether the judgment is supported by the findings. *Rothfarb* v. *Camp Awanee Inc.,* 116 Vt 172, 71 A2d 569, 571-572; *Colby's Exr.* v. *Poor,* 115 Vt 147, 154, 55 A2d 605; *Duchaine* v. *Zaetz,* 114 Vt 274, 276, 44 A2d 165, and cases therein cited. These rules are now applicable to final decrees in chancery.

Has the plaintiff, then, a good exception to the decree? Certainly not as of the filing of the motion to dismiss. The bill of exceptions as it then stood showed no plaintiff's exception to anything. In *Trask* v. *Trask's Estate,* 99 Vt 353, 354, 132 A 136 it was held that where the bill of exceptions stated "Exceptions by appellant allowed", but the record failed to show what the exceptions were, no legal question was presented for decision. It is the same here. And the want of exceptions being apparent on the face of the bill of exceptions, the motion to dismiss was properly laid. *Fitzpatrick* v. *Taber,* 99 Vt 216, 218, 130 A 587.

As previously remarked, the plaintiff's amended bill of exceptions shows an exception to the decree. It has long been recognized that a bill of exceptions may be amended at any time before

hearing here, and even after decision handed down, in extreme cases. *Adams* v. *Gay,* 19 Vt 358, 364; *Bailey* v. *Saunders,* 90 Vt 39, 40, 96 A 416; *Castonguay* v. *Grand Trunk Ry. Co.,* 91 Vt 371, 374, 100 A 908; *Higgins, Admr.* v. *Metzger,* 101 Vt 285, 299, 143 A 394. But such amendments are calculated to make the bill "correspond with the facts" or "speak the truth". *McAllister* v. *Benjamin,* 96 Vt 475, 499, 121 A 263; *Higgins, Admr.* v. *Metzger, supra,* at 298. See also *Residents of Royalton* v. *Central Vermont Ry. Co.,* 100 Vt 443, 446, 138 A 782 and *Dependents of Vlahos* v. *Rutland Restaurant et als,* 104 Vt 188, 191, 157 A 832. The record does not disclose that an exception to the decree was asked for prior to the filing of the original bill of exceptions.

The filing of the plaintiff's original bill of exceptions by the county clerk operated to transfer the case to this Court. *Johnson* v. *Rickard,* 115 Vt 514, 515, 66 A2d 23; *Downer* v. *Battles,* 103 Vt 201, 202-203, 152 A 805. It is only too logical that the chancellor, after the jurisdiction of this Court had attached, could not create by an amendment to the bill of exceptions that which did not exist before. Such an attempted creation neither makes the bill speak the truth nor correspond to the facts.

All the above is consonant with our often enunciated rules: The burden is on the excepting party to produce before us a record showing that an exception was saved; the excepting party alone carries the risk of mistakes and omissions in the record; the construction of the record is always against the excepting party; questions not raised below are not for consideration here. *Stoddard & Son* v. *Village of North Troy,* 102 Vt 462, 470, 150 A 148. As we put it in *State* v. *Lindsay,* 110 Vt 120, 123, 2 A2d 201: "This Court has many times held that a trial court may not be put in error on a point not made below." Nor is this decision inconsistent with our holdings that we are bound by the record because it imports absolute verity, recently repeated in *Horicon* v. *Langlois,* 115 Vt 81, 87, 52 A2d 888. In deciding the case as we do, we stay within the four corners, so to speak, of the record.

Quite naturally in this and all cases we would prefer to base an opinion on the point or points sought to be raised by the excepting party, and not have it go off, as here, on a point of procedure. However, an examination of the printed case and the briefs on both sides satisfies us that in this instance no injustice is done.

The plaintiff has no exception to the decree of the court of.

chancery; whether the decree is supported by the findings is not before us.

*Motion to dismiss granted. Amended bill of exceptions dismissed.*

### ON MOTIONS FOR REARGUMENT AND REMAND.

BLACKMER, J.   The motion for reargument makes claim that an exception to the decree was asked for and granted orally, but that pursuant to the practice in the Court of Chancery, Rutland County, no docket entry, or other entry of record was made showing such an exception to the decree.   Assuming this to be so, the plaintiff's position is not substantially improved.   After its amended bill of exceptions was filed, the record proper still showed no exception to the decree.   If there is a conflict between the record proper and the bill of exceptions, the record proper controls.   3 Am Jur, Appeal & Error, Sec. 693 ; *Comstock's Admr.* v. *Jacobs,* 89 Vt 133, 147, 94 A 497, Ann Cas 1918A 465.   The practice of not noting of record exceptions to chancery decrees may have been appropriate under the statutes as they stood prior to the enactment of No. 34, Acts of 1941, but is not proper under V.S. 47, Chap. 99, as sufficiently appears from the opinion.

At the hearing on its motion for reargument the plaintiff moved for a remand so that the claimed shortage in the record proper might be supplied.

The plaintiff's bill alleged fraud by the defendant.   The chancellor found that the defendant misrepresented that he had reached his majority, but did not find reliance on the false representation nor fraud.   The findings as a whole would support, but do not compel, an inference of reliance and consequent actionable fraud.   However, the decree for the defendant negates the drawing of such an inference by the chancellor.   See *Abatiell* v. *Morse,* 115 Vt 254, 260, 56 A2d 464.   The decree was supported by the findings.   Had this case been disposed of on the merits, the result would have been the same.   Hence a remand would answer no useful end.

*Motions for reargument and remand denied.   Let full entry go down.*