Louis Ricci *v.* Perry E. Bove's Executor.

(75 A2d 682)

May Term, 1950.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Blackmer, JJ.

Opinion Filed October 3, 1950.

*Bloomer & Bloomer* for the appellant.

*Vernon J. Loveland* for the appellee.

ADAMS, J.  This case comes to this Court directly from the Probate Court for the District of Rutland on exceptions to the order of the Judge of Probate requiring the appellant to file a surety bond in the sum of $10,000. before allowing an appeal from an order of the court in regard to the executor of the Perry E. Bove Estate selling or transferring certain assets of the estate.  The case is here under V. S. 47, § 3086.

This Court sits in error only in matters of this nature and not as a higher court of probate.  *Parkhurst* v. *Healy's Estate,* 97 Vt 295, 296, 122 A 895; *In Re Gates Estate,* 107 Vt 304, 309, 179 A 159.  In such cases, we do not sit as a fact finding tribunal; the facts must be supplied by the record.  We then review the questions of law raised by the exceptions.  *Parkhurst* v. *Healy's Estate, supra.*

On appeal the excepting party must produce a record that makes it appear that reversible error has been committed.  The record is to be construed against him; the risk of failure is his. *Horicon* v. *Langlois Estate,* 115 Vt 81, 87, 52 A2d 888.  The appellant must bear the burden of producing a record from which error appears.  *Randall* v. *Beryl Lumber Co.,* 95 Vt 158, 160, 113 A 872; *State* v. *Winters,* 102 Vt 36, 61, 145 A 413.  It is incumbent upon the excepting party to present a record by which error is affirma-

tively shown and he alone carries the risk of mistakes or omissions therein. *Norway* v. *Petit et al,* 112 Vt 453, 454, 28 A2d 380.

Here the record before us is very meager. All we have is the bill of exceptions and the files that are made a part thereof. From them we ascertain that on December 7, 1949, the probate court made an order that the executor of the Bove estate dispose of the wholesale beer and wine business, an asset of the estate, on or before February 10, 1950, either by sale or by distribution and transfer to the trustees of a trust estate as contemplated by the will of said Bove; that on December 20 the appellant filed an application for an appeal from said order and accompanied it with a bond in the sum of $200. conditioned that he would as provided by the statute "prosecute said appeal to effect and pay all intervening damages and costs occasioned by the appeal"; that on December 21 the Judge of Probate wrote the attorney for the appellant as follows :—

> "I shall require a $10,000.00 surety bond, conditioned that the appeal will be prosecuted to effect and that all intervening damages and costs occasioned by the appeal will be paid, in the matter of the appeal from my order dated December 7, 1949, in the Estate of Perry E. Bove.
>
> "I do not consider the $200 bond filed by you as satisfactory, under § 3094 of the Vermont Statutes. Failure to comply with the order as directed might very well bring additional losses to the estate. I have previously required the executor to file additional surety bond".

On December 27 the appellant filed objections and exceptions to the failure and refusal of the probate court to file, allow and perfect his appeal. This document after reciting the foregoing letter gave fifteen grounds of objections and exceptions. The Judge of Probate on December 31st signed a bill of exceptions enumerating the same fifteen grounds and passed the cause to this Court. It is not necessary to set forth said grounds in full. For the purpose of this opinion it is sufficient to say that they are in substance, that the amount demanded of $10,000.00 for the bond was arbitrary, excessive, unreasonable and prohibitive to the appellant, discriminatory, an abuse of discretion and no hearing was had to fix the

amount on the reasonableness of the bond and the appellant was unlawfully deprived of his statutory right of appeal. It also appears in the order of December 7 that the probate court found that the estate had been operating the so-called beer and wine business since July 7, 1944, and that "the estate is operating the beer business at a loss". There is nothing further in the record before us in regard to the loss or the extent of it.

There is nothing to show that after the letter of December 21 was received any request was made for a hearing on the reasonableness of a $10,000.00 surety bond. We cannot presume that the probate court would have refused a hearing if one had been requested. If there had been a hearing the material facts could have been found and all questions preserved by regular procedure. The letter of December 21 was treated, however, as a formal order and we give it that effect here.

■ The purpose of the bond required by the statute before an appeal is allowed is to protect the estate against loss resulting from the appeal or make the estate as well off as if no appeal had been taken. *In Re Estate of Rushford,* 111 Vt 494, 496, 18 A2d 175. It is to effectuate an absolute security to the other parties to be affected by the appeal. *Re Watkins Estate,* 114 Vt 109, 113, 41 A2d 180, 157 ALR 212. It is apparent from such record as we have that the Judge of Probate had that very thing in mind in fixing the amount of the bond here as it appears that the business to be sold or transferred was being operated by the estate at a loss. The appeal would hold up the disposition of it while the appeal was pending and until final disposition of it and in support of the ruling we can presume that the loss would continue during that time.

■■ The statute, V. S. 47, § 3094 provides "Before an appeal is allowed, the person appealing shall give a satisfactory bond to the court", etc. The approval of the bond is without question one of the discretionary powers of the court. *Re Watkins Estate, supra.* Its approval before allowing an appeal necessarily carries with it the right to fix the amount of the bond. *Factory Point National Bank* v. *Equinox Co.,* 110 Vt 277, 279, 5 A2d 462. The appellant says that the $200. bond that he furnished was on a form provided by the state for appeals in probate court and that it had printed therein as a part of the form the penal sum of $200. Such forms are not controlling. *Re Watkins Estate, supra.*

■■ When the statute makes no provision for fixing the amount of the bond the court granting the appeal must fix such an amount as will be adequate for the protection of the appellee. 4 CJS, Appeal & Error, Par. 545, a. Ordinarily where the trial court has to fix the amount of the bond in the lawful exercise of its discretion, the appellate court will not review it in the absence of a manifest abuse of discretion. 4 CJS, Appeal & Error, Par. 545, g.

■ The party alleging abuse of judicial discretion has the burden of showing such abuse. *Daniels* v. *Preston,* 102 Vt 337, 339, 148 A 285. Rulings made as a matter of discretion cannot be reversed unless abuse of it affirmatively appears. *Parizo* v. *Wilson,* 101 Vt 514, 523, 144 A 856. The recognized test for an abuse of discretion is whether the court exercised it on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Woodhouse* v. *Woodhouse,* 99 Vt 91, 160, 130 A 758; *Macauley* v. *Hyde,* 114 Vt 198, 206, 42 A2d 482; *State* v. *Watson,* 114 Vt 543, 545, 49 A2d 174. Any discretionary ruling is not subject to review here unless it clearly and affirmatively appears that such discretion has been abused or withheld. *Horicon* v. *Langlois Estate, supra.*

■ The scope of our inquiry is limited to claimed legal errors and we are bound to indulge every reasonable presumption in support of the trial court. *Woodhouse* v. *Woodhouse, supra,* 152. We make every presumption in favor of the ruling below which is not positively inconsistent with the record. *Reed & Davis* v. *Reynolds,* 95 Vt 45, 46, 112 A 359; *State* v. *Winters, supra,* 62; *State* v. *Parker,* 104 Vt 494, 502, 162 A 696; *Horicon* v. *Langlois Estate, supra.*

Applying the foregoing principles to the record we have before us, we cannot say that the appellant has shown as a matter of law that the probate court abused its discretion in requiring a $10,000.00 surety bond before allowing the appeal. There is no error.

*The order of the probate court is affirmed. To be certified.*