# In Re Diana Lou Whittemore

[108 A2d 406]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed October 5, 1954.

*Ezra S. Dike* and *Louis Lisman* for the appellants.

*Francis D. Foley* and *Joseph C. Mc Neil* for the appellees.

**Cleary, J.** This was an appeal to the Addison County court from an adoption decree entered in the probate court for the district of New Haven. The case was heard below without a jury and certain findings of fact were made, to which the appellants took exceptions. Certain motions were then made and exceptions were taken by the appellees to the action of the county court on the motions. The exceptions of both parties were passed to this Court before final judgment under V. S. 47, §2124.

The appellees have now filed a motion to dismiss the appeal on the ground, not raised below, that the county court was without jurisdiction of the appeal, the appellees claiming that there is no right of appeal from a final adoption decree in probate court.

The motion is properly before us because it questions the jurisdiction of the county court over the subject matter and may be raised at any stage of the proceedings. *Bennington* v. *Vail*, 117 Vt 395, 397, 92 A2d 467; *Harlacker* v. *Clark*, 116 Vt 107, 111, 70 A2d 572. In the absence of a constitutional requirement there is no such thing as a right of appellate review independent of a statute granting it. The right is a mere legislative privilege to be granted or withheld as may seem best to the lawmaking body. *State* v. *Ploof*, 116 Vt 93, 97, 70 A2d 575. A fortiori there can be only a statutory right of appeal from probate court, this being a court of special and limited jurisdiction, deriving all its authority from the statute. It follows that the probate court has only such authority to allow an appeal as is given by the statute. Otherwise, no appeal may be taken. *In re Will of Prudenzano*, 116 Vt 55, 60, 68 A2d 704; *Roddy* v. *Fitzgerald*, 113 Vt 472, 475, 35 A2d 668; *In re Walker Estate*, 112 Vt 148, 151, 22 A2d 183.

■ The statutes originally provided "that the county court shall have appellate jurisdiction of all matters originally within the jurisdiction of the probate court" and "Any person interested in any order, sentence, decree or denial of any probate court, who considers himself injured thereby, may appeal to the county court." *Adams* v. *Adams*, 21 Vt 162, 164, 165. In the revision of 1880 the word "all" was omitted and the word "an" substituted for "any" before the word "order". However, this did not necessarily alter the law. Changes made in a revision will not be taken to alter the law as construed by previous decisions, unless an intention to do so is clearly manifest. *Clark* v. *Powell*, 62 Vt 442, 444, 20 A 597; *Whitcomb* v. *Davenport's Estate*, 63 Vt 656, 658, 22 A 723; *Town of Brighton* v. *Kelsey*, 77 Vt 258, 261, 59 A 833; *Stearns* v. *Graham*, 83 Vt 111, 114, 74 A 486; *Cuthbertson* v. *Ritchie*, 99 Vt 50, 54, 130 A 756; *In re Blake*, 107 Vt 18, 26, 175 A 252; *State* v. *Howard*, 108 Vt 137, 143, 183 A 497.

The present statute which provides for appeals to the county court from the probate court is V. S. 47, Chap. 149. Sec. 3087 of that chapter reads as follows: "The county court shall have appellate jurisdiction of matters originally within the jurisdiction of the probate court, except as otherwise provided." Sec. 3090 provides as follows: "Except as otherwise provided, a person interested in an order, sentence, decree or denial of a probate court, who considers himself injured thereby, may appeal therefrom to the county court."

■ The appellees claim that the plain inference from the language used in the pertinent sections of the adoption statute is that an adoption decree once issued by the probate court is final and that the phrase "final adoption decree" used in V. S. 47, Chap. 420, the adoption statute, evidences a legislative intention that such decrees are not subject to appeal. The test of whether a decree or judgment is final as generally laid down by this Court is whether it makes a final disposition of the subject matter before the court. *In re Estate of Webster*, 117 Vt 550, 552, 96 A2d 816. It is only from a final order, decree or denial of the probate court that the statute permits an appeal. *Kimball* v. *Kimball*, 19 Vt 579, 580;

*Adams* v. *Adams*, 21 Vt 162, 165; *Leach* v. *Leach*, 50 Vt 618, 619; *Wilcox* v. *Wilcox*, 63 Vt 137, 138, 21 A 423; *Fillmore, Admr.* v. *Estate of Morgan*, 93 Vt 491, 492, 108 A 840; *Bianchi* v. *Martin*, 94 Vt 160, 162, 109 A 37; *In re Estate of Taylor*, 110 Vt 80, 85, 2 A2d 317. So no inference can be drawn that the use of the word "final" in the adoption statute evidences a legislative intention that such decrees are not subject to appeal.

V. S. 47, Chap. 420, §9946, as amended by Acts of 1949, No. 231, §1, provides as follows: "When a final adoption decree is made, it shall be and remain in full force and effect until vacated or annulled in the manner provided in this chapter." Sec. 9955 is entitled "Annulment" and requires that the department of social welfare and a participating licensed child placing agency shall be made parties to the proceedings in any action in which the validity of an adoption of a minor shall be in issue. Sec. 9956 provides a method for vacating an adoption by the person adopted within one year after reaching his majority. The provisions of §9955 and §9956 are not in issue in the present appeal and chap. 420 makes no other mention of vacating or annulling an adoption decree.

Before the enactment of No. 46 of the Acts of 1941 an adoption decree did not become final until one year after the date of the filing of the instrument of adoption in the probate court where it is required to be filed, P. L. 3332, and an interested party could apply to have the adoption vacated at any time not later than one year after receiving notice of the adoption with the right of appeal from the decision of the probate court in the matter, as in other cases from such court, P. L. 3334. No. 46 of the Acts of 1941 provides that no final decree of adoption shall be issued until one year has expired from the time of the filing of the petition for adoption and a hearing had, except that the waiting period of one year may be waived by the probate court. After hearing the probate court may permit the parties to execute the instrument of adoption, append thereto the court's order of approval, and such instrument and order shall constitute the final adoption decree.

No. 46 of the Acts of 1941 also expressly repealed P. L. 3334. The appellee claims that legislation withdrew the previously existing right of appellate review in adoption cases. But P. L. 3334 conferred a special right and its repeal merely abolished that right. This did not affect the general appellate jurisdiction of the county court in probate matters provided by V. S. 47, §3087 or the right of appeal from a decree of the probate court granted an interested person by V. S. 47, §3090. Since the statutes do not provide otherwise these last mentioned sections control and govern final adoption decrees of the probate court and the county court had jurisdiction of the appeal. *The motion to dismiss is denied.*