# In Re Estate of Isaac P. Sharon

[157 A.2d 475]

November Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 5, 1960

*Wayne C. Bosworth* for the appellant.

*Frederick M. Reed,* Attorney General, and *Louis P. Peck,* Legal Assistant to the Attorney General, for the Commissioner of Taxes.

**Hulburd, C. J.** By his will, Isaac P. Sharon left his entire estate to his wife, Elizabeth N. Sharon. He also appointed her executrix. Thus, it is clear at the outset that we do not have a testator who is seeking to withhold anything from his widow. Everything was to be hers. Despite all this, following the probate of the will, the widow (for ends of her

own which will appear shortly) applied to the probate court praying that it order and decree to her one-half of the real estate of which her husband died seized as provided by 14 V. S. A. §461,—there being no surviving issue. In addition to this, the widow filed a second application in which she prayed that the probate court order and decree to her a one-third interest in the personal property of the decedent as provided by 14 V. S. A. §401.

Initially both of the foregoing applications were denied by the probate court. An appeal was taken to the county court as to the latter, but we need spend no time following out its outcome since proper notice was lacking as to this appellee. What is important here is that the probate court in its final decree treated all of the net assets of the estate as subject to the usual inheritance tax as provided in 32 V. S. A. §6542. The appellant claims that this was error. It is her claim that for tax purposes at least the probate court should have deducted from the net assets of the estate the amounts represented by the property rights to which she says she was entitled as widow,—that is, the one-third of the personal property and one-half of the real estate as requested by her two petitions which we mentioned earlier in the opinion.

It is the appellant's contention that these rights came to her as a matter of course and are not "property or an interest therein owned by such decedent at his decease and passing by will, the laws of descent or a decree of a court in this state"— in the words of the tax statute (32 V. S. A. §6542). All that the probate court does, the appellant argues, is to ascertain the amount which constitutes the mathematical fraction and see that the identify of the widow is established and then confirm it to her. *Johnson* v. *Johnson*, 41 Vt. 467, contains language to this effect. The appellant assumes that property coming to a surviving spouse in this manner has not been made taxable under the language of the statute.

We do not need to inquire into that proposition, however. There is a short answer to the appellant's claim both as to the real and personal property. The interest of the widow in the real estate of her husband is not one which is a matter of right but may be barred where the husband by

his will has made provision for her which, in the judgment of the probate court, was intended to be in lieu of such interest in such estate. 14 V. S. A. §465(2). It would be only by a decree of the probate court that the widow would become entitled to this real estate.

As to the one-third interest in the personal property, there is no right in the surviving spouse in a testate estate unless such surviving spouse waives the provisions made for him or her in the will of the decedent. True, there may be a case in which an intent on the part of the testator may be gathered that his widow shall take both a legacy under the will and her statutory rights. Where this is so, the testator's intention will be given effect and no waiver will be required. *In re O'Rourke's Estate*, 106 Vt. 327, 333, 175 A. 24, 26. Such an intent is conclusively excluded however, in a case like the present one, where the testator leaves his entire estate to his widow. There is no room to say, as in the O'Rourke case that the testator must be taken to have meant that his widow should have the legacy "in addition to" her statutory rights. There was nothing more to be had. Here the appellant expressly declared in her application for statutory rights that she did not waive the will. She did not propose to waive a will which gave her three-thirds in order to receive a statutory one-third. We have here, therefore, neither the required intent on the part of the testator nor the waiver of the surviving spouse required in the absence of such intent. The courts will not construct an artificial intent to aid a legatee in his effort to escape taxes. Clearly there was nothing to supply the necessary intent to render the waiving of the will unessential. This being so the appellant took under the will and the decree of the probate court pursuant thereto, and her legacy was subject to the usual inheritance tax as provided in the decree. No error appears.

*Decree affirmed, to be certified to the probate court.*