# In Re Estate Of Edward Keyes Davis

[218 A.2d 390]

February Term, 1966

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ.**

Opinion Filed March 11, 1966

*Frank L. Bunting* for Appellent.

*Ryan, Smith & Carbine* for Appellee.

**Holden C. J.** Joan Davis Steindler, the daughter of the testator, seeks review of the questions of law in the decree of distribution ordered by the probate court for the district of Manchester. The notice of appeal, filed pursuant to 12 V.S.A. §2382, names the Supreme Court as the tribunal to which the appeal is taken. The appeal is challenged at the threshold by a motion to dismiss filed by the executor and co-residuary legatee, Evelyn Woods Davis.

The motion to dismiss presents the single question of the jurisdiction of the Supreme Court to review the decree on the direct appeal from the probate court. The appellee contends the right to obtain review

of an appealable order of the probate court by direct appeal to this Court was revoked by the repeal of 12 V.S.A. §2552 (V.S. '47 §3086) contained in the final section of No. 261 of the Acts of 1959.

Prior to 1917 the jurisdiction of the Supreme Court in probate matters was restricted to causes passed here from the county courts, sitting as higher courts of probate. *Holmes* v. *Estate of Holmes,* 21 Vt. 536, 540. The controlling statute was R.S. 44 §27: "The supreme court shall have jurisdiction of all questions of law arising in the course of proceedings of the county court in probate matters as in other cases."

This provision was carried forward through subsequent revisions and was in effect at the time of the enactment of No. 89 of 1917, - An Act to Give the Right of Appeal from Probate Courts to the Supreme Court in Certain Causes. This statute provided: "A person interested in an order, sentence, decree or denial of a probate court involving only a question of law may take an appeal therefrom directly to the supreme court in the manner provided in cases of appeal from the court of chancery."

This enactment performed two functions. It gave the Supreme Court the power to review and revise decisions of the probate court on questions of law, where previously it could entertain only causes heard by the county court in probate matters. Secondly, it provided the manner in which the jurisdiction of the Supreme Court could attach in such cases, namely, the method provided for appeals in chancery. The jurisdictional and procedural aspects of the statute were integrated in the General Laws in two separate sections.

G.L. §3454, now 12 V.S.A. §2551, was constituted to read: The supreme court shall have jurisdiction of questions of law arising in the course of proceedings of the county and probate courts in probate matters as in other causes. The procedural provisions were made the subject of a new section, G.L. §3451, later 12 V.S.A. §2552, adapting direct appeals from probate court to the manner provided in chancery appeals.

12 V.S.A. §2551 has remained unchanged since 1917 and is in effect today. 12 V.S.A. §2552 was amended in 1941 when the special method of appeal from chancery causes was abolished and the standard procedure for passing causes to the Supreme Court from county court was made applicable. 1941, No. 34; 12 V.S.A. §2433. *Abel's Inc.* v. *Newton,* 116 Vt. 272, 273, 74 A.2d 481. Accordingly, 12 V.S.A. §2552 was amended to refer to Section 2433 of the same title.

From 1941 until 1959 a bill of exceptions was the common vehicle for transferring all causes for review by this Court. In 1959 the legislature undertook to simplify outmoded rules of practice and procedure by resort to an adaption of the Federal Rules of Civil Procedure. Notice of appeal, substantially as provided in Federal Rule 73, was the method adopted for passing causes for review wherever a right of appeal prevailed. As with its federal antecedent, our statutory rules eliminated the need for exceptions to the rulings of the court of first instance and abolished bills of exception as a means for transferring cases on appeal. 12 V.S.A. §§2381-2383. As with its federal counterpart, the intention of rule makers was to expedite appeals and guard against dilatory tactics. The changes produced are entitled to a construction consistent with the accomplishment of this purpose. 3A Barron and Holtzoff, Federal Practice and Procedure, §1551 (Rules Ed.).

The requirement of exceptions and the use of bills of exceptions resulted in numerous cross references to these devices in numerous sections of our statutory law. The abolition of this procedure carried with it varying provisions in some twenty-four sections embraced within Title 12, rendering these provisions outmoded or pure surplusage. 12 V.S.A. §2433, referred to in §2552, was in this category and became obsolete.

Accordingly, the rule makers concluded the 1959 enactment with a repealing section which removed the inconsistent provisions in conformity with the new enactment. 1959, No. 261, §68. Of the twenty-four sections repealed by this provision, twenty related to exceptions and the transfer of causes under the old procedure of appellate review. Since 12 V.S.A. §2552 was specifically geared to Section 2433 these provisions were excised along with 12 V.S.A. §§2421-2424 relating to appeals from county court.

The companion section, 12 V.S.A. §2551, relating to the jurisdiction of the Supreme Court in probate matters, was left undisturbed. It remains in its full context as amended in 1917.

This pattern is in accord with the expressed direction of the legislation which established the commission to formulate rules of practice and procedure for all courts of the state for consideration by the General Assembly of 1959. This enactment provided: "Such rules should be consistent with the constitution of this state, shall not abridge, enlarge or modify any substantive right or the jurisdiction of any court; . . . ." 1957, No. 216 §2; 12 V.S.A. §1N. Complying with this directive the commission, which included the presiding officers and

chairmen of the judiciary committees of both House and Senate, formulated and proposed rules which neither enlarged nor restricted the jurisdictional power of any court. Recommendations of Commission of Court Rules of Pleading and Practice. January 15, 1959.

That this legislative purpose, first expressed in 1957, attended the 1959 enactment, is further indicated by the fact that other statutes, concerned with direct appeals from probate court, remain intact. 12 V.S.A. §2357; 32 V.S.A. §6892.

■ Our statutes, like the federal rules from which they were derived, are not to be construed to extent or limit either original or appellate jurisdiction. Neither was designed to affect jurisdiction. They were adopted to prescribe methods by which the jurisdiction of the courts should be exercised. 3A Barron and Holtzoff, Federal Practice and Procedure, supra, §1701 (Rules Ed.).

■ From these considerations, we conclude the repeal of 12 V.S.A. §2552 was not done with the legislative purpose of depriving an interested litigant in probate court of his right of direct appeal to the Supreme Court on questions of law. Only the method for transferring the question has been changed. Although notice of appeal has replaced the bill of exceptions, the jurisdiction of the Court to review the question, once they have reached us, continues by force of 12 V.S.A. §2551.

■ This construction is consistent with the manifest object of the new statutory rules. It is in conformity with the construction given the 1959 enactment by the legal profession and the Court since the rules were first adopted. *In re Estate of Mattison,* 122 Vt. 486, 487, 177 A.2d 230; *In re Estate of Valiquette,* 122 Vt. 350, 173 A.2d 832; *In re Estate of Sharon,* 121 Vt. 322, 157 A.2d 475. In the absence of a statutory directive to such effect, we do not interpret the repeal of 12 V.S.A. §2552 as erecting a barrier to a right of appellate review contrary to the established understanding and the objective of the 1959 statutory rules. *In re Estate of Gaskell,* 123 Vt. 57, 59, 181 A.2d 67; *St. Johnsbury* v. *Topsham,* 122 Vt. 268, 271, 169 A. 2d 352. Indeed a repealing clause will be restrained, where necessary, to avoid such a result. *Arnett* v. *State,* 168 Ind. 180, 80 N.E. 153, 156; 50 Am.Jur. Statutes. §519. Repealing clauses, like any other statutory provisions, are subject to rules of construction, and legislative intent will prevail over the literal import of the words. *Arnett* v. *State,* supra, 80 N.E. at 156.

Accordingly, we hold the jurisdiction of the Supreme Court to hear the appeal is conferred by 12 V.S.A. §2551. The cause was pro-

perly transferred here by notice of appeal as provided in 12 V.S.A. §2382.

*The appellee's motion to dismiss the appeal is denied.*

**Note:** The appellee's motion to dismiss the appeal was originally heard at the October Term, 1965. The opinion of the Court which followed was recalled and the entry stricken at the December Term 1965. At the same term the Court, on its own motion, ordered the case brought forward for reargument at the February Term 1966, at which time other appellants, with direct appeals from probate court pending in the Supreme Court, were permitted to file written briefs and present oral arguments. This revised opinion was filed after reargument.

**Smith, J.** Dissenting. The question presented is whether the repeal by the General Assembly of 1959 of 12 V.S.A. §2552 revokes a right of direct appeal to this Court from probate courts from "an order, sentence, decree or denial of a probate court involving only a question of law." The majority opinion holds that it did not. I cannot concur in this opinion.

The probate court is one of limited and special jurisdiction, deriving all its authority from the statutes. The right of appeal from a probate court is a mere legislative privilege to be granted or witheld as may seem best to the lawmaking body. *In re Walker Est.* 112 Vt. 148, 151, 22 A.2d 183; *In re Whittemore,* 118 Vt. 282, 283, 108 A.2d 406.

The Legislature granted a right of appeal from probate court only to the county court until 1917. The General Assembly of that year enacted No. 89 of the Acts of 1917:

"Section 1. A person interested in an order, sentence, decree or denial of a probate court involving only a question of law may take an appeal therefrom directly to the supreme court in the manner provided in cases of appeals from chancery."

This enactment became G. L. 3451 in the 1917 Revision of the General Laws of Vermont, and, under a new heading of "Appeals," with subheading "to the Supreme Court," appears in the exact language of No. 89 of the Acts of 1917. This section, amended from time to time, became 12 V.S.A. §2552, repealed by the 1959 General Assembly.

Prior to 1917, a section (P.S. 2972) of the Statutes headed "Appeals to the County Court" read as follows: "The Supreme Court shall have jurisdiction of questions of law arising in the course of the

proceedings of the county court in probate matters as in other causes." Because of the new right of appeal granted by G. L. 3451, it was necessary that the revisionist, preparing the General Laws of Vermont of 1917, revise P.S. 2872. This was done by adding the words "and probate courts" to former P.S. 2872 as it now appeared in G.L. 3454. This section, unchanged, is now 12 V.S.A. §2551. It is this section, says the majority, that confers the right of appeal directly from the probate court to the Supreme Court.

But the right of appeal directly from the probate court to the Supreme Court as granted by the lawmaking body was given in 12 V.S.A. §2552. This is demonstrated in various opinions of this Court handed down after the 1917 enactment

In the case of *In re Robinson's Will*, 101 Vt. 464, 466, 144 Atl. 457, Chief Justice Powers said: "Some suggestion is made that the appeal is defective in the manner of its taking; but the statute provides (G. L. 3451) that such appeals may be taken to this court in the manner provided in cases of appeals from the court of chancery." Later, in the case of *In re Gates*, 107 Vt. 404, 408, 187 Atl. 801, the Court said: "the appeal in this case was taken under the provisions of P. L. 3001." In the more recent case of *Ricci* v. *Bove's Est.*, 116 Vt. 335, 75 A.2d 682, there appears "This case is here under V.S. 47, 3086." All statutes above mentioned are in direct line of ancestry of 12 V.S.A. §2552.

Highly significant, in my opinion, is that at no time in the past has 12 V.S.A. §2551 been cited by this Court as the authority for an appeal to this Court from the probate court. This is because, in my view, the lawmakers grant of this right of appeal had always been expressed in 12 V.S.A. §2552, and its repeal revoked the grant.

In attempting to understand the legislative intent in its repeal of 12 V.S.A. §2552, it is my belief that the passage, at the same session, of 12 V.S.A. §2386 is of utmost importance. If the repeal of 12 V.S.A. §2552 eliminated the right of direct appeal from the probate court to the Supreme Court on questions of law, after final judgment, it can be presumed that the Legislature realized that the only appeal they had left to a dissatisfied litigant in the probate court was the ancient right of appeal to the county court.

But, on questions of law, the statutes make clear that the final determination of such questions is in the Supreme Court, and that there is a right of appeal from the county courts to this Court on matters of law. Therefore, although the Legislature repealed the Act which allowed an appeal from the probate court to the Supreme Court

as a matter of right, they enacted 12 V.S.A. §2386 so that an appellant could still have questions of law determined by this Court without an intermediate appeal to the county court. The Supreme Court still has jurisdiction of direct appeals from probate courts under this new remedy. It is to such jurisdiction that 12 V.S.A. §2552 now refers.

The right of appeal from probate courts is one that the Legislature has the power to bestow, withhold, or alter in its wisdom. The legislative history of Vermont makes clear that such power has been frequently exercised. In my opinion, such power was knowingly exercised by the General Assembly of 1959 in the repeal of 12 V.S.A. §2552, and the enactment of 12 V.S.A. §2386.

In my view, the recommendations of the Commission appointed by the General Assembly of 1957 have no weight in considering the intention of the General Assembly of 1959 in repealing 12 V.S.A. §2552. The Commission, as the majority opinion correctly points out, has given no authority to "abridge, enlarge or modify any substantive right of the jurisdiction of any court . . . ." The Commission had only the power to formulate proposed rules of practice and procedure for consideration of the 1959 General Assembly. This was all that the Commission did. The Act of the General Assembly in repealing various sections of the statute in 1959, including 12 V.S.A. §2552, was done with no dependence upon committee recommendation on such repeals, for no such recommendation existed.

Neither can I find any authority for a right of appeal directly from the probate court to this Court under 12 V.S.A. §2382. This is a procedural statute, applicable only to actions "appealable" from any court. In my view, the repeal of 12 V.S.A. §2552 no longer made "appealable" to the Supreme Court a question of law determined in the probate court, except those certified here by virtue of 12 V.S.A. §2386.

It is my opinion that no right to allow a direct appeal from a final judgment to the Supreme Court now exists in the probate courts.

Despite the fact that 12 V.S.A. §2552 was repealed in 1959, the effect of such repeal has not been considered by this Court until the present time, nor has the repeal of such statute been called to the Court's attention in any cause presented.

It is, therefore, my opinion, that the appellant in the instant case, as well as the appellant in companion cases, may still be entitled to take an appeal to the county court in their various cases on the grounds of fraud, accident or mistake. 12 V.S.A. §2357.