# In re Estate of Lawrence R. McCoy

[ 220 A.2d 469 ]

December Term, 1965

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 7, 1966

*James B. Campbell* and *Bowditch, Gowetz & Lane,* of counsel, for the surviving widow.

*Gannett, Oakes & Weber* for other residuary legatees.

**Barney, J.** The merits of this case were deferred pending disposition of the technical question raised and disposed of in *Estate of Edward Keyes Davis,* 125 Vt. 446, 218 A.2d 390, handed down at February Term, 1966.

The testator assigned to the residue the total tax burden of the estate. Since the widow's share of the residue was not taxable, the probate court cast the full assessment on the other three residuary

legatees. They are here, arguing that, since the testator did not specifically exempt the widow's portion of the residue, he intended that she bear a share of the taxes commensurate with her percentile share of the residue.

The practical effect of the ruling is to reduce the quite substantial shares of the residuary legatees by amounts ranging from more than eleven to fifteen thousand dollars each. An opposite ruling would restore these amounts, but reduce the far larger widow's fifty percent share by about $45,600 and increase the estate's tax burden by some $13,000.

The issue is raised by Article Fifth of the will, which reads:

"I direct that all inheritance, estate, legacy, transfer and succession taxes, State, Federal, Dominion or Provincial, or otherwise, whether imposed or assessed under this Will or upon insurance, jointly held property or any other property passing or passed outside this Will be paid out of the residue of my estate as established by Article THIRD or Article FOURTH of this Will as the case may be, meaning and intending that no part of said taxes be apportioned among the legacies and devises under the other clauses of this Will, nor shall any contribution be required from a person receiving or who has received property outside this Will."

As matters turned out, the residue was established under Article Third of the will:

"If my said wife, Dorothy H. McCoy, shall survive me, I give, devise and bequeath all the rest residue and remainder of my estate, real and personal, wherever situated, including any property over which I have a power of appointment as follows:

(A) Fifty per cent (50%) to my wife, Dorothy H. McCoy, absolutely.

(B) Twenty per cent (20%) to my nephew, Robert S. McCoy, absolutely.

(C) Fifteen per cent (15%) to my nephew, Philip J. McCoy, absolutely.

(D) Fifteen per cent (15%) to my niece, Janet McCoy Barrett, absolutely."

It is argued on behalf of the widow that the result reached below is supported by certain presumed intentions which can justifiably be attributed to this testator. One is a presumption that a testator wishes to minimize the tax burden on his estate. The other is that he should be presumed to have intended that disposition most beneficial to his widow. Since it is clearly possible for a testator to have a contrary intent, we are obviously not dealing with conclusive presumptions.

■ Resort to presumed intentions is appropriate only in cases where the will leaves the matter truly in doubt. The language of the will will be the device by which the purposes of the testator are defined, if it can be given effect. *Tuttle* v. *Tuttle*, 112 Vt. 271, 278, 23 A.2d 523. The testator is burdened with the responsibility of stating his dispositive wishes clearly and appropriately. *In re Estate of Burt*, 122 Vt. 260, 268, 169 A.2d 32. In return, the courts will look to the words of the will, rather than be guided by plausible statements of probable purpose, made by potential beneficiaries in a proceeding where the testator is unavoidably unable to explain his objectives. Stated differently, courts will turn to matters external to the will only when that instrument gives inadequate or ambiguous directions. *In re Estate of Mattison*, 122 Vt. 486, 488-9, 177 A.2d 230.

What of this will? It says the residue is to pay the taxes and is to be distrbuted according to certain percentage shares. It is conceded that there is no obstacle to the mechanical implementation of these provisions. The objection is based on the simultaneous increased tax cost to the estate and reduction of the widow's share.

■ On the other hand, to reach the result ordered by the probate court, favoring the widow, additional distributive operations, not called for in the will, must be carried out. The widow's share must be removed from the residue before the tax expense is deducted. This procedure not only puts the entire burden on the remaining residuary legatees, but renders impossible compliance with the percentage requirements set out in Article Third. Thus, violence is done to the express dispositions called for in the will.

■ This appears unnecessary and unjustified. Although the policy of our law favoring the widow is strong, we find it insufficient to overrule the express provisions of this instrument. *In re Estate of Copeland*, 123 Vt. 32, 36, 179 A.2d 475. As has been so often stated,

it is not for this Court to draw a will for the testator. *In re Lull Estate,* 120 Vt. 195, 199, 138 A.2d 615. Nor will an artificial intent be constructed to escape taxation. *In re Estate of Sharon,* 121 Vt. 322, 324, 157 A.2d 475.

*Decree reversed and cause remanded to the probate court for the preparation of a new decree not inconsistent with the views expressed in the opinion.*