# State of Vermont v. William C. O'Connell & William C. O'Connell v. District Court of Vermont, Unit No. 5, Washington Circuit, et al.

[375 A.2d 982]

Nos. 309-76 & 344-76

Present: **Barney, C.J., Daley, Larrow, and Billings, JJ.**

Opinion Filed April 5, 1977

Motion for Reargument denied May 10, 1977

*M. Jerome Diamond,* Attorney General, *Gregory W. McNaughton,* Washington County State's Attorney, and *Peter M. Bluhm,* Assistant Attorney General, Montpelier, for State.

*James L. Morse,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier, for O'Connell.

**Per Curiam.** The petitioner O'Connell is presently hospitalized at the Vermont State Hospital in Waterbury pursuant to an order of the District Court of Vermont, Unit No. 5, Washington Circuit, issued in accordance with 13 V.S.A. § 4822. Three weeks after this order, he petitioned the Washington Superior Court for review. His petition was dismissed by the superior court for lack of jurisdiction. He presently seeks appeal to this Court from both the order of hospitalization issued by the district court, Docket Number 309-76, and the order of the superior court dismissing his petition for review, Docket Number 344-76. The State has moved to dismiss both cases before this Court.

By force of 13 V.S.A. § 4822(b), the determination of the statutory basis for the petitioner's direct appeal of his hospitalization order is governed by reference to the rights and remedies available to persons hospitalized pursuant to Chapter 181 of Title 18, V.S.A. Such persons "may appeal any decision . . . of a probate (now district) court. The appeal shall be to the court of the county wherein the hospital . . . is located." 18 V.S.A. § 7112. This specific statutory provision authorizing appeals to the superior court from the district court is in direct conflict with 4 V.S.A. § 443, which states that appeals from the district court may be taken to the Supreme Court. The need therefore exists for

resort to established rules of statutory construction in order to resolve the conflict between these two statutory provisions.

■■■ The limitation of appellate remedies from orders or decisions of district courts found in 4 V.S.A. § 443 is general in scope. By contrast, the provisions of 18 V.S.A. § 7112 deal specifically with appeals of district court decisions as they relate to matters arising under Title 18, V.S.A. Where there is a conflict between a general statute and a specific statute, the latter will prevail according to its terms. *Glabach* v. *Sardelli,* 132 Vt. 490, 496, 321 A.2d 1 (1974). Moreover, where there are two statutes upon the same subject which are in irreconcilable conflict, the statute which is the more recent legislative enactment will prevail since it is deemed the latest expression of the legislative will. *Town of Bennington* v. *Vail,* 117 Vt. 395, 399, 92 A.2d 467 (1952); *Troy Conference Academy* v. *Town of Poultney,* 115 Vt. 480, 485, 66 A.2d 2 (1949). Therefore, we hold that the provisions of 18 V.S.A. § 7112 are applicable to the direct appeal of the petitioner's order of hospitalization. This appeal to the superior court is to be governed by Rule 72 of the Vermont Rules of Civil Procedure.

■ In addition to the petitioner's appellate remedy to the superior court, the controlling statutes also provide the petitioner with the opportunity for limited appellate review before this Court. 12 V.S.A. § 2551 vests the Supreme Court with jurisdiction to review questions of law arising in the course of proceedings in the probate courts. See *In re Estate of Davis,* 125 Vt. 446, 218 A.2d 390 (1966). The Legislature, by transferring certain judicial functions formerly exercised by the probate courts to the district court, has preserved this appellate remedy. 1973, No. 107, §§ 4, 6.

*The State's motions to dismiss are denied. Docket No. 344-76 is reversed and remanded to the Washington Superior Court for hearings pursuant to V.R.C.P. 72 and 18 V.S.A. § 7112. Docket No. 309-76, inasmuch as it relates to questions of law, is properly before this Court under 4 V.S.A. § 443.*

## On Motion For Reargument

**Per Curiam.** Subsequent to the handing down of the opinion above, two of the defendants in Docket No. 344-76, by their motion for reargument, called to our attention an erroneous citation. The opinion was recalled, and the error duly corrected.

Other than the foregoing, the motion presented no points which were overlooked, misapprehended, or not covered in the opinion. The revision does not change the result, and the entry order is not affected. No ground for reargument appears, and the motion is denied. See *Nurmi* v. *Employment Security Board*, 124 Vt. 42, 50, 197 A.2d 483 (1963).