OPINION. LeMiRe, Judge: Our question here is whether during the taxable years 1940,1941, and 1942 there was only one trust under each of the three trust deeds involved or whether there were two or more trusts. The petitioners contend, first, that this Court is conclusively bound by the ruling of the Supreme Court of the State of New York, affirmed by the appellate division, that four separate trusts were created by each of the trust deeds for the years following the death of the last surviving life beneficiary. The petitioners further contend that, independently of the ruling of the state courts, we must so construe the trust deeds. We do not agree that we are bound by the ruling of the state courts. That action was brought by the trustees, initially, for the purpose of settling their accounts and other matters not related to our question here. The original complaint contained no reference to the number of trusts created by the several trust deeds. That question was injected into the proceeding by a supplemental complaint filed after it had been put in controversy in this proceeding before the Tax Court. There was no controversy between any of the parties to the suit in the trial court. The complaint and the supplemental complaint contained fourteen separate counts, none of which was opposed by any of the parties defendant. The court’s decision was, we think, in the nature of a consent judgment. See Charles S. McVeigh, 3 T. C. 1246. Cf. Freuler v. Helvering, 291 U. S. 35. Notwithstanding the absence of any contest before the trial court, an appeal from that court’s ruling was taken to the appellate division. The appellants, through their guardian ad litem, Arthur J. O’Leary, were the same minors who had appeared as defendants in the lower court. O’Leary had stated in his report to that court that he had given a great deal of thought to the matter and was of the opinion that it was the intention of the grantor to create four separate trusts under each trust deed. Before the appellate court, however, he contended that the grantors intended to set up a single trust and not four separate trusts under each trust deed. He stated in his brief to the appellate court: As a result of applying the theory of separate, Independent trust, Special Term has adjudicated that the appellants have no remainder interests in the eight so-called invested income trusts. But if the accumulated invested income, as the grantors intended, is a part of the whole, then it is clear that the remainder interests attached to the whole trust and to all of its parts, and it Is erroneous to hold that the infant remaindermen have no interest in the so-called invested Income trusts. It is true, if these trusts are considered to be separate and independent, that the income may be reported separately from each trust and consequently the income will be taxed at lower brackets than if all of the income is Included in a single return. That advantage is beneficial to the present life beneficiaries but results in a disadvantage to the infant remaindermen. The respondents save income taxes but the appellants are deprived of their remainder interests in the so-called invested income trusts. In these circumstances it is difficult to understand why any appeal was taken from the trial court’s ruling. The respondent here suggests that it was for the sole purpose of strengthening the petitioners’ position in these proceedings by making it appear that the action of the state courts was adversary. He points out that the appeal was taken after the promulgation of our opinion in James S. Reid Trust, 6 T. C. 438, in which we called attention to the fact that no appeal had been taken from a state court case construing the trust agreement there involved. However that may be, we do not think that in the circumstances here the affirmance by the appellate division makes the trial court’s ruling any more binding upon us. If the action was not adversary in the trial court, neither was it in the appellate court. The appellate court did not change, and could not have changed, the fundamental character of the action. Although there was a dissent by one of the appellate judges, we do not think that there was ever any real contest in the state courts of the question which we must now decide, or that the decisions of those courts are binding upon us here. Looking to the trust deeds themselves, we do not find any provisions which required the construction contended for by the petitioners, that it was the grantor’s intention to create more than one trust under each trust deed. Throughout each of the trust deeds the grantor repeatedly referred to the “trust” in the singular. At no time did he use the plural of the term in referring to any of the trusts. This is an important factor in determining the real intention of the grantor and one that has been stressed in many of the cases involving questions like that presented here. We do not overlook the fact that under each trust deed there was admittedly a single trust which was to continue at least until the death of the last surviving beneficiary. Consequently, some of the references to the trusts would properly have been in the singular, regardless of the intention of the grantor to creat multiple trusts after the death of the last surviving life beneficiary. If Garrard E. Kelly had lived until W. C. Kelly, H, and Lucy Gayle Kelly, II, both reached the age of 30 years, then upon his death the original single trusts would have all terminated and no question of multiple trusts would ever have arisen. However, the fact is that the plural of the term trust was not used in any of the trust deeds in reference to the trusts for any period of their existence, either before or after the death of the last surviving life beneficiary. It was provided in section 12 (a) of trust deed #2 that when any child of Garrard E. Kelly reached the age of 30 years, after the death of Garrard E. Kelly, “the Trust as to such child shall be terminated, and his or her then share of the Trust property and funds shall be con veyed, delivered and paid over to him or her.” This language clearly indicates that there was intended a single trust with separate or sev-erable shares for W. C. Kelly, II, and Lucy Gayle Kelly, II. The same is true of the provisions of paragraph 12 (c) that “If any child of said Garrard E. Kelly shall die before the termination of the Trust as to him or her, leaving lawful issue him or her surviving, the interest of such decedent in the Trust Estate shall be held for the use and benefit of such issue, share and share alike per stirpes.” Thé trust deeds not only fail to provide expressly for more than a single trust, but they establish no beneficial interests that can not be served as well by single trusts as by multiple trusts. There is nothing uncommon about a single trust having two or more beneficiaries with different interests and rights in both principal and income. Even if the trust deeds must be construed as conferring upon the present beneficiaries, W. C. Kelly, II, and Lucy Gayle Kelly, II, complete ownership of all of the income of the trusts, to the exclusion of any claims of the contingent minor beneficiaries, we do not see that separate trusts are necessarily required for handling the income. Separate income accounts in the single trusts would serve the same purpose. It is not within the province of trustees, for matters of convenience or for the purpose of saving taxes, to establish trusts which are neither expressly provided for nor intended by the grantor. In United States Trust Co. v. Commissioner, 296 U. S. 481, the grantor and the beneficiaries converted a single trust into several trusts, one for each of the beneficiaries, by exercising a power to amend which the grantor had expressly reserved to them. For that reason the Court held that the several trusts were properly established and must be recognized for Federal income tax purposes. Here, there was no reserve power to amend any of the trusts; In setting up the multiple trusts the trustees acted upon what, we think, was an erroneous construction of the trust deeds. For the reasons stated the respondent’s determination that there was only one trust entity under each of the three trust deeds involved is sustained; Decisions will be entered for the respondent.