Hugh B. Reed, as executor of the last will and testament of Lillian Goldberg, by this bill of complaint seeks instruction with respect to items Tenth and Eleventh of said will.
Lillian Goldberg died February 25th, 1947, and in her will dated August 7th, 1944, made a number of specific bequests, after which she provided as follows:
"Tenth: I give and bequeath to the Institute of Musical Art, a corporation of New York, now situate at No. 120 Claremont Avenue, New York City, all of the musical instruments in my said residence.
"Eleventh: I give, devise and bequeath all the rest, residue and remainder of my estate both real and personal of whatsoever the same may consist and wheresoever situate to said Institute of Musical Art, to be added to its endowment fund and the income therefrom devoted to the purposes of that institution."
Decedent failed to precisely indicate the institution she intended as the object of her bequest, since on the date of the execution of the will there existed two institutions, the *Page 112 
Institute of Musical Art of the City of New York, a corporation formed under the Education Law of the State of New York, and the Institute of Musical Art, situated at 120 Claremont Avenue, New York City, a department of the Juilliard School of Music, also a corporation formed under the Education Law of the State of New York.
Both institutions are defendants herein and both filed appearance each admitting the truth of the allegations contained in the bill of complaint wherein it is alleged that the Institute of Musical Art of the City of New York was incorporated in 1904 and for 23 years thereafter conducted a school of music at 120 Claremont Avenue. On March 20th, 1920, the Juilliard Musical Foundation (herein called the "Foundation") was incorporated by special act of the New York Assembly to carry into effect the provisions of the will of Augustus D. Juilliard. Some years later, negotiations were commenced looking to a combination of the activities of the Foundation and the Institute of Musical Art of the City of New York, culminating in an agreement dated October 21st, 1926. Pursuant to this agreement, Juilliard School of Music (herein called the "School") was incorporated under the Education Law on or about October 28th, 1926, and the Institute of Musical Art of the City of New York transferred to the Foundation the school premises of the Institute at 120 Claremont Avenue. The School occupied the premises and continued to carry on therein the educational activities formerly conducted by the Institute. For purposes of continuity, the department of the School which carried on these functions and occupied 120 Claremont Avenue was officially called the "Institute of Musical Art of the Juilliard School of Music," and was known generally as the "Institute of Musical Art." The Institute of Musical Art of the City of New York functioned thereafter to the present time solely as a fund holding no physical properties, operating no school, and paying over the income from its security holdings to the School which carried on the educational activities at 120 Claremont Avenue through its department.
The records of the School reveal that the decedent attended the original school during the years of 1909, 1910 and 1911. *Page 113 
No subsequent correspondence between the School and the decedent has been found and there is no evidence that she knew of the change in administration.
The testatrix designated the school "now situate at 120 Claremont Avenue," as the beneficiary. The "now" refers of course to the date of her will. At that time (August 7th, 1944) the Institute of Musical Art at 120 Claremont Avenue was a part of the Juilliard School of Music. The Institute of Musical Art of the City of New York had long ceased to be identified with that address and, operating merely as a fund, its continued existence was known only to those associated with the administration of school funds. The decedent having bequeathed her musical instruments, it is reasonable to hold that the instruments were intended to be left to the institution which could put them to practical use in its musical activities, namely, the School. (Italics mine.)
Gifts to such institutions as that of the defendant do not fail because improperly described if the application of the usual rules of construction are applied and such application makes it reasonably certain what institution was intended. It is for the court to determine not what the testatrix meant to say but what she meant by what she did say, and in order to arrive at the latter the will is to be construed as a whole, each part in the light of others together with a consideration and examination of the circumstances surrounding the testatrix when the will was made, and to that end the admitted facts herein have been helpful. German Pioneer Verein v. Meyer, 70 N.J. Eq. 192;63 Atl. Rep. 835; Paul v. Paul, 99 N.J. Eq. 498;133 Atl. Rep. 868; Noice v. Schnell (Court of Errors and Appeals),101 N.J. Eq. 252; 137 Atl. Rep. 582.
Considering all of the foregoing it is concluded that testatrix intended the Juilliard School of Music which operated the department known as the Institute of Musical Art on the specified premises as the recipient of the musical instruments as well as her residuary estate, and the complainant-executor is so advised. *Page 114