**KELLY'S TRUST et al. v. COMMISSIONER OF INTERNAL REVENUE (three cases).**

**Nos. 154–159, Dockets 20804–20809.**

Circuit Court of Appeals, Second Circuit.

May 27, 1948.

Milbank, Tweed, Hope & Hadley, of New York City (Timothy N. Pfeiffer and Weston Vernon, Jr., both of New York City, Herman A. Bayless, and Herbert Shaffer, both of Cincinnati, Ohio, and Rebecca M. Cutler and Robert L. Woodford, both of New York City, of counsel), for petitioners.

Theron Lamar Caudle, Sewall Key, George A. Stinson, and Austin Hoyt, all of Washington, D. C., for respondent.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The decision of the Tax Court turned on its determination that each of three trust-deeds established but a single trust. In so deciding, that court disregarded a decision of the New York Supreme Court (in a suit to which the United States was not a party) that each of those trust-deeds created multiple trusts. The reasons given by the Tax Court for disregarding the state-court decisions are these: The action in the state court was originally nonadversary and did not raise the question of the creation of multiple trusts; only after the present suits, raising that question, were begun in the Tax Court, was the complaint in the state court action amended so as to include that question; all the parties to the state-court suit were in accord with one another before the entry of the judgment therein; the appeal from the state-court judgment by one of the parties thereto was taken only after the Tax Court (in Reid's Trust, 6 T.C. 438) had indicated that a state-court judgment might be inconclusive in such a matter unless there was an appeal; accordingly, despite affirmance on the appeal from the state-court judgment involved in the instant cases, that judgment was in the nature of a consent judgment, which could not affect the Tax Court's determination.

We think the Tax Court erred. Whatever may have been the nature of the state-court suit in its inception, the appeal

made it adversary, within the meaning of Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634, and Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, especially as, on appeal from the state-court judgment, one judge dissented. The fact that the appeal was considered shows that the judgment was not by consent, for a consent judgment by its nature precludes an appeal.

The doctrine of the Freuler and Blair cases has been criticized.[1] There may be good sense in the criticism, but rejection of the doctrine is not within our province.

Reversed.

---

[1] Cardozo, Federal Taxes and The Radiating Potencies of State Court Decisions, 51 Yale L.J. (1942) 783; Cahn, Local Law in Federal Taxation, 52 Yale L.J. (1943) 799, 818, 819; Paul, Federal Estate and Gift Taxation (1942) § 1.11 and 1946 Supplement pp. 23–27.