### In re Estate of Barbara M. Mattison

[ 177 A.2d 230 ]

November Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 2, 1962

 

*Stephen H. Gilman* for the appellant.

*Jones, Ehrich & Dollard* for the appellee.

**Shangraw, J.** This is an appeal from a declaratory judgment order made by the Probate Court for the District of Bennington, pursuant to 12 V.S.A. §4712, construing the provisions contained in the last will and testament of Effie R. Mattison as it relates to the estate of her daughter, Barbara M. Mattison.

The issue presented below, and for determination here, is whether Barbara M. Mattison acquired, by virtue of the will of her mother Mrs. Effie R. Mattison, a determinable fee simple or a determinable life estate in certain land and premises in North Bennington, Vermont, owned by the mother at the time of her death.

The probate court in its construction of the will of Effie R. Mattison adjudged that Barbara M. Mattison acquired a determinable life estate only in this property. The appellant, Frank M. Kinney, the sole legatee and devisee under the last will and testament of Barbara M. Mattison, has appealed to this Court from this order.

Effie R. Mattison died on June 25, 1935. Her will dated October 28, 1931 was proved and allowed by the Probate Court for the District of Bennington on December 20, 1939, and so far as here material reads:

"Second: I give, devise, and bequeath the residue of all my estate, real and personal, after payment of the charges aforesaid, in the following manner:

"All of my estate, both real and personal, I give devise and bequeath to my daughter, Barbara May Mattison, as long as she remains unmarried. I direct that this be done in order that she may have a home and be provided for as long as she is single, and in the belief that when she marries her husband will be amply provident. Upon and in the event of said Barbara's marriage, the remainder is to vest in my son, William Edgar Mattison.

"Should my said daughter, Barbara May Mattison, predecease me, I give, devise, and bequeath all of the aforesaid estate to my son, William.

"To each of my sons, Wilbur, Roger, and Harry; and to each of my daughters, Dorothy Mattison Brown, and Marjorie Mattison Mort, I give the sum of one dollar."

The daughter, Barbara M. Mattison, died on November 17, 1960 leaving a last will and testament dated June 29, 1960 which was duly allowed by the probate court of the above district on December 14, 1960.

Barbara outlived her mother and never married. Frank M. Kinney, the appellant and recipient of the estate of Barbara, urges that by virtue of her mother's will she received a determinable fee simple; that her interest became absolute upon her death, and the remainder estate of Effie R. Mattison is a part of the estate of Barbara and must be included in the probate of Barbara's estate. Appellee contends that Barbara received only a determinable life estate and that the remainder of the estate of Effie R. Mattison is not an asset of the estate of Barbara.

In construing a will the first and chief object is to ascertain the intention of the testator, from the language used, since, so far as it may be legally carried out, that governs. To determine such intention, the court is to take the instrument by its four corners, consider it in all its parts, and give effect to its language read in the light of the relation of the parties concerned and the circumstances attending its execution. Force and effect must be given to every part of the will, if possible. *In re Trust Estate of Harris,* 120 Vt. 399, 404, 405, 141 A.2d 653. We look to the whole context of the will and consider its general spirit.

It is a firm statement that where a testator's intention is clear, courts should not resort to canons of construction in an attempt to unravel what needs no unraveling. *In re Althouse's Estate,* 404 Pa. 412, 172 A.2d 146. Here, we are not bound by what Mrs. Mattison meant to say in her will, but what she meant by what she did say. *Reed* v. *Institute Musical Art of City of New York,* 141 N.J. Eq. 111, 56 A.2d 124. *In re Ginter's Estate,* 398 Pa. 440, 158 A.2d 789.

A devise, as here, to the daughter Barbara, so long as she remained single and unmarried, created a valid estate. The conflict which arises is in the ascertainment of the quantum of the estate—namely, whether it is a determinable fee simple or merely a determinable life estate. Stated more precisely, did Barbara acquire a fee simple defeasible upon marriage, or only a life estate during celibacy?

Under the terms of the will William, son of the testatrix, was named as the residuary legatee and devisee in case of the marriage of Barbara, and, also in the event Barbara predeceased her mother. There appears no residuary clause spelling out the disposition of the residuary estate provided Barbara survived her mother and did not marry, as are the facts here.

The controversial provision in the will is the gift to Barbara "as long as she remains unmarried" ·with the explanation immediately following directing that this be done "* * * in order that she may have a home and be provided for as long as she is single, and in the belief that when she marries her husband will be amply provident."

No two wills are exactly alike and decisions in the most similar cases are to be considered aids to construction rather than direct authorities. *Morse* v. *Stoddard's Estate,* 90 Vt. 479, 483, 98 Atl. 991; *Ripley, Admr.* v. *Benjamin, Admr.,* 111 Vt. 76, 78, 10 A.2d 205. Cases in other jurisdictions on the point in issue are lacking in harmony. Outside authority may be found supporting the contention of each party to these proceedings. See annotations, 122 A.L.R. beginning at page 7, and 73 A.L.R.2d 484-495, 17 A.L.R.2d 227. Our search reveals no Vermont case which squarely resolves the question at hand.

The provisions of the will throw some doubt upon the interpretation to be given, making construction thereof necessary. There is no provision in the will covering a disposition of the property provided Barbara outlived her mother and remained unmarried. In such event, as is the case, there was no disposition of any alleged remainder, and the absence of any such provision must be considered strong evidence that the mother intended to dispose of the fee by her will. *Webster* v. *Stackhouse,* Del. Ch. (1960), 165 A.2d 739. The devise to Barbara contained the qualification that she remain unmarried. The fee created was a qualified or determinable fee because it could have ended

upon her marriage. *Collette* v. *Charlotte,* 114 Vt. 357, 360, 45 A.2d 203 ; *Dickerman* v. *Town of Pittsford,* 116 Vt. 563, 565, 80 A.2d 529.

■ 14 V.S.A. §4 provides: "A devise of land in a will shall convey all the estate which the devisor could devise in such lands, unless it clearly appears by the will that he intended to convey a less estate." No claim is made that the mother died seized of less than an estate in fee simple of the property in question. All of her estate was bequeathed and devised to Barbara,—the daughter was to receive what the mother had. By the above statutory provision it becomes evident that an estate in fee is favored, and not a life estate, unless the contrary clearly appears. Further, where there is no language which can be considered as a gift over, it takes rather clear language to indicate that only a life estate is intended. *Stackhouse* v. *Webster,* Del. (1961), 169 A.2d 253. True it is that provision was made by way of a gift over provided Barbara married or predeceased her mother. The will is silent on the situation at hand.

Generally speaking, the cases make no distinction with respect to the duration or quantity of the estate, whether the devisee be a widow or an unmarried woman. It has been said that a gift to the daughter of the testator to have and to hold as long as she remain single and unmarried, with a gift over in case of marriage, gives the daughter an estate in fee until. defeated by a breach of the condition of celibacy. *Wise* v. *Crandall,* Mo. (1919), 215 S.W. 245. So, also, where testator, after a gift to his wife, makes a different disposition of the property in the event of her marrying again, making no disposition of the property in the event of her dying without marrying, the provision is regarded as a conditional limitation; and if she dies without marrying again, her estate becomes absolute. Annotation, 122 A.L.R. page 76. See cases cited under Note 4. Also *Dickson* v. *Alexandria Hospital, Inc.* (1949, CA4 Va.) 177 F.2d 876 (applying Virginia law). *In re Platman's Estate,* Sur., 72 N.Y.S.2d 28; *Pumroy* v. *Jenkins,* 151 Kan. 466, 99 P.2d 752.

It goes without saying that Mrs. Mattison had in mind the support, maintenance, and comfort of her daughter Barbara. No language appears in the will by way of "use" or similar words to circumscribe the gift to only a life estate. No specific provision was made in the will by way of a gift over in the event Barbara outlived her mother and remained unmarried. Had the mother intended that the daughter's beneficial interest in the property be concluded at her death as a

spinster she would have undoubtedly made provision for this contingency. While it would have been reasonable and equitable if the mother had provided that William would also take on Barbara's outliving her mother and remaining single, the will did not so provide. Whatever her reasons for this omission may have been it is not for us to say. In our consideration of the case we are limited to what she said—not what she did not say.

We therefore conclude that Barbara M. Mattison acquired, by virtue of the will of her mother, Effie R. Mattison, a determinable fee simple, and that the land and premises referred to in the will are a part of the estate of Barbara.

*Judgment order reversed. Cause remanded to the Probate Court, District of Bennington.*