George W. NORTON, III, et al., Appellants,

v.

CITIZENS FIDELITY BANK & TRUST COMPANY, Trustee u/w Lucie U. Norton, et al., Appellees.

Court of Appeals of Kentucky.

May 11, 1962.

Hubert T. Willis, Louisville, for appellants.

Rucker Todd, Brown, Ardery, Todd & Dudley, James W. Stites, Jr., Stites, Peabody & Helm, Louisville, for appellees.

MILLIKEN, Judge.

This case turns on whether two testamentary trusts are reasonably susceptible to the construction placed upon them by the trustee, Citizens Fidelity Bank & Trust Company, a construction acceptable to both the appellant-life beneficiaries and the individual appellees-remaindermen. Because the United States Internal Revenue Service contended that certain trust income is properly taxable to the life beneficiaries, the latter paid the Federal taxes claimed in order to stop possible incurment of interest and penalty thereon, sued for recovery of the payment in the United States District Court at Louisville, and that Court deferred decision until a ruling of this Court was obtained on the construction of the two Kentucky testamentary trusts involved herein. The present declaratory judgment action was initiated by the trustee, Citizens Fidelity Bank & Trust Company, and resulted in a judgment below upholding the construction placed upon the trusts by the trustee.

The trust income is principally derived from oil leases on several hundred thousand acres of Texas land left in trust by the will of George W. Norton, I, who died in 1889, the owner of approximately 1,500 parcels of land in several states which he was unable at the time to properly evaluate or to distribute satisfactorily among his loved ones, so he left it in trust for his trustee to lease or sell as business prudence later suggested. To each of his daughters, Lucie U. Norton and Mattie A. Norton, he devised one-seventh of the general residue of his estate (including the income from the Texas lands) and directed that two-thirds of each one-seventh was to be held in separate, individual, subsidiary trusts for his daughters for life. (The trustee of the George W. Norton, I, estate created in 1927 a Texas Liquidating Trust to facilitate the oil development and issued proportionate share certificates to the beneficiaries of the will of George W. Norton, I.) From the time of the death of George W. Norton, I, in 1889, all liquidating distributions allocable to Miss Lucie and Miss Mattie were distributed to them one-third outright and the remaining two-thirds were placed in the subsidiary or individual trusts created for them by the will of George W. Norton, I, and the income from each of the individual trusts was paid to Miss Lucie and Miss Mattie as their needs required.

When the Texas Liquidating Trust was created in 1927 as aforesaid, Mattie A. Norton's Subsidiary Trust received 560 shares of beneficial interest in the Texas Liquidating Trust and Lucie U. Norton's Subsidiary Trust also received 560 shares of beneficial interest in the Texas Liquidating Trust. Thus each of those Subsidiary Trusts received, in accordance with the will of George W. Norton, I, two-thirds of the one-seventh share of the daughter for whom the Subsidiary Trust was created.

From time to time the Texas Liquidating Trust made liquidating distributions to Lucie U. Norton's Subsidiary Trust and to Mattie A. Norton's Subsidiary Trust. When the Texas Liquidating Trust made liquidating distributions to the two Subsidiary Trusts, the trustee of those trusts treated all of each such distribution as principal of the Subsidiary Trusts. In other words, whatever the nature of the transaction that created cash in the Texas Liquidating Trust—whether sale or mineral development—all of each liquidating distribution was treated as principal in the Subsidiary Trusts.

This fundamental principle of administration of the Texas Liquidating Trusts and

of the Subsidiary Trusts was consistently applied in Lucie U. Norton's Subsidiary Trust for some ten years and in Mattie A. Norton's Subsidiary Trust for almost twenty years, and it was specifically approved by a Jefferson Circuit Court judgment dated September 24, 1948, in Citizens Fidelity Bank & Trust Company v. George W. Norton, Jr., et al.

On July 9, 1936, Mattie A. Norton and Lucie U. Norton each executed substantially identical wills with certain reciprocal gifts. Item Four of each of the wills, the provision directly relevant in this action, reads in pertinent part as follows:

"All the residue of my estate, of whatever nature, owned by me or over which I have power of disposition by will, I devise and bequeath to George W. Norton, Jr., as Trustee, to be held in trust for the period, with the powers and for the purposes hereinafter set forth. He shall have the same power of control, management, investment, sale and reinvestment of the principal of the trust estate or any part thereof, as I myself would have, if then living.

"He shall collect the income as it may accrue from the trust property. After the payment of taxes and proper administration expenses, he shall pay over the balance of such income as follows:

"(1) During the life of my sister (Mattie A. Norton or Lucie U. Norton), he shall pay to her all such net income, making such periodical payments thereof as she may direct.

"(2) After the death of my sister, (Mattie A. Norton or Lucie U. Norton), he shall pay such net income thereafter accruing, until the termination of the trust herein created, in appropriate periodical payments, subject to augmentation or termination as hereinafter set forth, to the following nephews and nieces, or their issue per stirpes: George W. Norton, Jr., one-fourth, Margaret Norton Davidson,

one-fourth, Dorothy Norton Clay, one-fourth, William C. Coleman, one-fourth."

When she died in 1937, Miss Lucie had acquired 1,312 shares of beneficial interest in the Texas Liquidating Trust and Miss Mattie, who died in 1946, had acquired 1,452 such shares, and these respective shares became a part of the Lucie U. Norton Testamentary Trust and the Mattie A. Norton Testamentary Trust, respectively. The trustee of the two trusts, Citizens Fidelity Bank & Trust Company, has consistently allocated to principal of the respective trusts all of each liquidating distribution made to them by the Texas Liquidating Trust whether the liquidation reflected a sale of land or income from oil or mineral leases. This was the principle of allocation applied to the original George W. Norton, I, general liquidating trust, the principle applied to the distributions received during the lifetimes of Miss Lucie and Miss Mattie to the distributions from the Texas Liquidating Trust, and was never questioned by them nor has it been questioned by the beneficiaries of their own testamentary trusts.

When the Internal Revenue Service took the position that the trustee of Miss Lucie's and Miss Mattie's testamentary trusts should not allocate to principal of the trusts but should distribute as income to life beneficiaries all liquidating distributions from the Texas Liquidating Trust which accrued from rentals, delay rentals, royalties, etc., it precipitated this litigation.

■ The issue in this case is whether or not certain distributions from a common law trust made to two nearly identical testamentary trusts shall be credited to principal or income accounts of the testamentary trusts. The distributions largely represent royalties, bonuses, and delay rentals from Texas mineral leases, legal title to which is held by the trust for the use of its beneficial interest certificate holders. Citizens Fidelity, as trustee of the two

testamentary trusts here involved, is such a holder.

The salient facts recited are extracted from the pleadings and clearly show the interpretation and treatment over the years accorded the distributions received from the liquidating trusts of the George W. Norton, I, estate. Whether the distributions reflected sales of property or income from leases it was allocated to principal under the will of George W. Norton both before the creation of the Texas Liquidating Trust in 1927 and thereafter when the distributions were made in proportion to the beneficial interest certificates held by the interested parties.

With such an admitted background, it is reasonable to assume that Miss Lucie and Miss Mattie considered their beneficial interest certificates as the property, the res they set aside as trust property, and that whatever income (a term not defined in their wills) which was derived from it should be allocated as principal to their respective testamentary trusts, as had been the principle followed in the administration of the trusts for their benefit in the will of their father. It was the *income* from the respective testamentary trusts to which the beneficiaries were entitled and not the *income* as such from the beneficial interest certificates held by the testamentary trustee. When we consider that much of the value of the Texas real estate is its mineral value, its oil and gas, the depletion of the property by oil and gas operational development indicates that the remainder interests are being best protected by the principle of administration pursued. In cases involving trusts created after 1956, the Uniform Principal and Income Act (KRS, Chapter 386) may prove helpful.

■ In view of the admitted background, we think the trustee was justified in continuing to follow the principle of construction long acquiesced in by the parties. As is said in 90 C.J.S. Trusts § 165C:

"In construing a trust instrument, the court may not only consider what is expressed in such instrument, but may also look at the conduct of the parties affected by the instrument in their performance of it, at least where it contains equivocal language; and a construction, sought by a party, which would constitute a repudiation of a long continued course of conduct is not regarded with favor. Hence, the settlor's subsequent acts are held to be of great significance in construing an ambiguous trust instrument; in ascertaining the intent of the settlor, resort may be had to evidence of his acts or conduct under the trust instrument, at least if the instrument is ambiguous or uncertain."

The judgment is affirmed.