George W. NORTON, Jr., and Jane M. Norton, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

John H. CLAY and Dorothy N. Clay, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

William C. COLEMAN and Elizabeth B. Coleman, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Leonard T. DAVIDSON and Margaret N. Davidson, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 3765-66, 3768-69.

United States District Court
W. D. Kentucky,
at Louisville.
May 28, 1963.

Hubert T. Willis, Louisville, Ky., for plaintiffs.

Gene A. Castleberry, Dept. of Justice, Washington, D. C., Wm. E. Scent, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

The above styled cases were filed in this Court on March 16, 1959, and each suit seeks the refund of income taxes paid by respective plaintiffs for the years 1953, 1954, 1955, and 1956 according to deficiency assessments made in 1958. The cases are being determined in this Court upon the plaintiffs' motion for a summary judgment filed July 18, 1962. On the same date, an agreed order was entered consolidating the four cases and providing that pleadings and documents in all the actions should be filed under the name and style of Norton v. United States of America.

The deficiency assessments made by the Commissioner of Internal Revenue were based on the inclusion in the taxpayers' incomes of certain returns from two testamentary trusts of which the taxpayers were the beneficiaries. The deficiencies were promptly paid, timely claims for refund were made and disallowed, and these four suits followed.

In May, 1960, Citizens Fidelity Bank & Trust Company, as Trustee under the wills of Lucie U. Norton and Mattie A. Norton, instituted a declaratory judgment action in the Chancery Branch of the Jefferson Circuit Court against the taxpayers. The suit sought a determination as to whether certain distributions from a common law trust arising out of two nearly identical trusts created in the wills of Lucie U. Norton and Mattie A. Norton on property emanating from a trust created by their father, George W. Norton I, and from a common law trust created in 1927 known as the "Norton Properties", but sometimes referred to as the "Texas Liquidating Trust", constituted income to the trusts or to the beneficiaries of the trusts.

George W. Norton I died in 1889, the owner of several hundred thousand acres of Texas land which he left in trust for lease or sale by the Trustee as the latter's judgment and prudence might dictate. He left to each of his daughters, Lucie U. Norton and Mattie A. Norton, one-seventh of the residue of his estate, in which was included monies to be received from the Texas land, and directed that two-thirds of each one-seventh interest be held in a separate, individual subsidiary trust for each of his said daughters for her lifetime. The income from each of the individual trusts was paid to the two daughters "as their needs required."

When the Texas Liquidating Trust was created in 1927, Lucie U. Norton and Mattie A. Norton each received 560 shares of beneficial interest in said trust. From the time the Texas Liquidating Trust was created, the Trustee of each trust treated all distributions as principal of the trust.

July 9, 1936, Lucie U. Norton and Mattie A. Norton executed substantially identical wills, each leaving to the surviving sister for her lifetime the net income from a trust created in each will and designating George W. Norton, Jr., as Trustee with full and complete control and management for investment, sale, and reinvestment of the principal of the trust fund. Each will provided that, upon the death of the surviving sister, the Trust should then pay the net income thereafter accruing throughout the life of the trust "in appropriate periodical payments" to the nephews and nieces of the testatrices or to their issue per stirpes. The nephews and nieces are the plaintiffs in these actions: George W. Norton, Jr., William C. Coleman, Margaret Norton Davidson, and Dorothy Norton Clay.

At her death in 1937, there had accrued to Lucie U. Norton 1,312 shares of beneficial interest in the Texas Liquidating Trust and when Mattie A. Norton died in 1946 there had accrued to her 1,452 shares, all of which became a part of their respective estates upon their deaths. From 1927 until their respective deaths, the distributions from the Texas Liquidating Trust, whether arising from the sale or lease for mineral development, were allocated to the principals of the trusts. The Commissioner of Internal Revenue took the position that the allocation of principal in the trusts was improper and that such income should have been distributed to the beneficiaries. This resulted in the assessment of the deficiencies, the payment of said deficiencies, the filing of timely claims for refund which were denied, and the filing of these suits in this Court.

In the declaratory judgment action in the Jefferson Circuit Court initiated by the Trustee, the construction placed upon the trusts by the Trustee was upheld, and the taxpayers prosecuted an appeal to the Court of Appeals of Kentucky. At the instance of the parties in the proceedings in this Court, an order was entered September 26, 1961, removing the actions from this trial docket to await the decision of the State appellate court. The opinion of that court affirming the judgment of the Jefferson Circuit Court became final June 12, 1962, and is officially reported as Norton v. Citizens Fidelity Bank & Trust Company, Ky., 357 S.W.2d 313.

■ By stipulation, the opinion and mandate of the Court of Appeals of Kentucky were made a part of the record in the cases in this Court. The defendant then filed an answer to the amended complaint, in which it was alleged that the proceedings in the Jefferson Circuit Court and the Court of Appeals of Kentucky were collusive and non-adversary and, therefore, were entitled to no weight in this Court. Faced with the necessity of alleging the facts which it contended constituted the collusion referred to, the defendant declined to amend its answer. Therefore, the Court has not considered any contention as to collusion in the State court proceedings, but has considered the authorities submitted by the parties as to defendant's contention that the proceedings in the State courts were non-adversary.

Under the provisions of the wills of Lucie U. Norton and Mattie A. Norton, all net income from the the trusts created in said wills was payable to the plaintiffs in these actions.

Section 651 of the 1954 Internal Revenue Code provides as follows:

"In the case of any trust the terms of which—

"(1) provide that all of its income is required to be distributed currently, and

"(2) do not provide that any amounts are to be paid, permanently set aside, or used for the purposes specified in section 642(c) (relating

to deduction for charitable, etc., purposes),

there shall be allowed as a deduction in computing the taxable income of the trust the amount of the income for the taxable year which is required to be distributed currently."

So far as is material here, Section 652 of the 1954 Revenue Code provides:

"* * * the amount of income for the taxable year required to be distributed currently by a trust described in section 651 shall be included in the gross income of the beneficiaries to whom the income is required to be distributed, whether distributed or not."

■ The State law determines the character of the interest or property right and the Federal law determines the application of the tax to that right or interest. In Volume 10, Section 61.03, Mertens' Law of Federal Income Taxation, it is said:

"The finality of state decisions rests on the premise that under the federal system the states determine property rights. Decisions of state courts bear upon federal income tax problems from two aspects: (1) in the determination of the rights and obligations engendered by the actual facts in controversy, and (2) as part of a body of precedents establishing what the basic law of the particular state is, or how its statutes should be construed. If a state judgment or decree constitutes an authoritative adjudication, in an adversary proceeding, of the specific proprietary interest resulting from a given set of facts, it is not necessary for the Federal courts or the Tax Court independently to survey the state statutes and rules of decision to ascertain the same conclusion. In cases of this sort the state judgment must be given conclusive effect in determining Federal tax liability, not because it is res judicata against the United States, but because it is conclusive of the taxpay-

er's property rights which can alone be taxed."

The same authority also states that the prosecution of an appeal establishes the judgment as adversary. Comity and a regard for the consideration of the States' court of last resort by the Federal courts require this rule.

■ In cases of this character, the judgment of the court of last resort of the State with respect to property rights and interest must be given conclusive effect in the determination of Federal tax liability. Uterhart v. United States, 240 U.S. 598, 36 S.Ct. 417, 60 L.Ed. 819 (1916); Freuler v. Helvering, 291. U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634 (1934); Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465 (1937); Sharp v. Commissioner, 303 U.S. 624, 58 S.Ct. 748, 82 L.Ed. 1087 (1938); Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938).

In Gallagher v. Smith, 3 Cir., 223 F.2d 218, at page 223 (1955) of its opinion, the court said:

"Since by hypothesis no federal qualification or criterion has been imposed and the tax is levied solely upon those in whom the state law has vested the title, the question can only be one of state law. An adjudication of such a question of title by a court of the state must accordingly be given effect, not because it is res judicata against the United States, but because it is conclusive of the parties' property rights which alone are to be taxed. So far as those parties are concerned the law of the state is what the state court has declared and applied in their case. If the state court's judgment has binding final effect under the state law the rights of the parties can only be what the court has held them to be."

See also Kelly's Trust v. Commissioner, 2 Cir., 168 F.2d 198 (1948), and Commissioner v. Thomas Flexible Coupling Co., 3 Cir., 198 F.2d 350 (1952).

Counsel seem to be in agreement that plaintiffs' motion for a summary judgment should prevail if the construction of the property rights of the taxpayers has been correctly adjudicated by the Court of Appeals of Kentucky. The opinion of this Court is that the construction by that court is binding, therefore, the motion for a summary judgment for the plaintiffs is granted.

In accordance with paragraph 2 of the stipulation of the parties filed July 18, 1962, the amount recoverable by the plaintiffs is to be determined by the Internal Revenue Service, subject to the agreement of the taxpayers. Appropriate judgments shall be submitted within thirty days from the date of this memorandum.