ESTATE OF RAYMOND S. ROBERTS, PAUL E. LEIGHTON, CO-EXECUTOR, E. JAMES ROBERTS, CO-EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Roberts v. Commissioner
Docket No. 16383-80.
United States Tax Court
T.C. Memo 1983-167; 1983 Tax Ct. Memo LEXIS 620; 45 T.C.M. (CCH) 1101; T.C.M. (RIA) 83167; March 29, 1983. Paul E. Leighton and E. James Roberts, for the petitoner. Barry J. Laterman, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined a deficiency of $105,336.04 in petitioner's Federal estate tax. Due to concessions, the issue remaining for decision is the effect of a clause in decedent's *621 will on the estate's marital deduction claim. All of the facts have been stipulated and are found accordingly. Raymond S. Roberts, the decedent, died on September 29, 1976. At the time of his death, he resided in Jacksonville, Vermont. Paul E. Leighton and E. James Roberts, co-executors of decedent's estate, resided, respectively at Hingham, Massachusetts, and Brattleboro, Vermont, at the time they filed the petition. On December 4, 1973, decedent executed a will. This will, admitted to probate on November 29, 1976, provided for a number of specific bequests to decedent's children and a specific bequest of all decedent's household furnishings, furniture, silverware, books, wearing apparel and all other personal effects to decedent's wife. The will further provided: SEVENTH: I give, devise and bequeath all the rest, residue and remainder of my estate, of whatever kind and wheresoever situated, that I may own or be entitled to at my death, or over which I may have any power of disposition to my wife, CARRIE B. ROBERTS. In the event that my said wife should predecease me, I give, devise and bequeath all the rest, residue and remainder of my estate to my three sons, *622 in equal shares. ELEVENTH: All inheritance, estate, legacy, succession or transfer taxes, if any, imposed by the law of the United States or of any state or territory or by any foreign government and assessed as a result of my death whether or not with respect to property passing under this will shall, except as hereinafter provided, be paid out of the general assets of my estate as an expense of administration. I have in the aforesaid Trust Agreement referred to in paragraph Seventh of this will authorized the Trustee thereunder to pay such portion of such taxes as my executors shall request, and, therefore, direct my executors to pay from the general assets of my estate as large a portion of such taxes as they deem feasible without being forced to dispose of any property specifically bequeathed, to abate pecuniary legacies contained in my will, or to liquidate any assets under unfavorable conditions and then to request the Trustee under said Trust Agreement to pay the balance of such taxes, if any. My executors in their discretion are authorized to anticipate, compromise or settle any of such taxes, including inheritance taxes on future interests. On its Federal estate tax *623 return, petitioner deducted $599,169 as a marital deduction consisting of property in decedent's gross estate which passed to decedent's wife outside the probate estate, property passing by specific bequest and property passing by the residuary clause (paragraph Seventh) of decedent's will. The residue of decedent's estate is comprised of $333,055 in assets. Respondent determined that by virtue of the operation of paragraph Eleventh of the will, [1] Federal estate taxes and state inheritance taxes would consume the entire residue of the estate and, therefore, the estate would be entitled to no marital deduction attributable to the residue. See section 20.2056(b)-4(c)(4), Estate Tax Regs. [2] Petitioner does not dispute either respondent's interpretation of paragraph Eleventh of the will or respondent's calculation of the marital deduction if paragraph Eleventh is given full effect. What petitioner does argue, however, is that paragraph Eleventh was erroneously included in the will, having been copied from a prior will of the decedent's which contained a trust. Because of this, petitioner argues that paragraph Eleventh of the will should be "non-operative and of no effect." *624 *625 Subsequent to the submission of this case, petitioner, on May 14, 1982, obtained a declaratory judgment from the Probate Court, District of Marlboro, Vermont, which stated: FINDINGS OF FACT and DECLARATORY JUDGMENT The complaint of E. James Roberts and Paul E. Leighton, executors, for a declaratory judgment was heard on May 11, 1982. E. James Roberts, co-executor, was present with Attorney Charles R. Cummings. Testimony was taken and exhibits were received. After consideration of the evidence the Court finds as follows: 1. The testator's last will, dated December 4, 1973, and allowed in this Court on November 29, 1976, expressly revoked all other wills and codicils theretofore made by him. 2. Said last will provides in Paragraph ELEVENTH thereof in part as follows: "I have in the aforesaid Trust Agreement referred to in paragraph Seventh of this will authorized the Trustee thereunder to pay such portion of such taxes as my executors shall request * * *." 3. Paragraph SEVENTH of said will devises and bequeaths the residue of the testator's estate to his widow and does not mention a Trust Agreement. 4. On June 9, 1960, the testator executed a Trust Agreement with *626 the Vermont Bank and Trust Company for his benefit during his lifetime and thereafter for the benefit of his wife. 5. On December 4, 1973, the testator revoked said trust in its entirety, simultaneously with execution of his last will. 6. At some unknown date subsequent to June 9, 1960, the testator executed a prior will, which was revoked by his last will dated December 4, 1973. 7. The contents of said prior will are not known, but it appears that Paragraph SEVENTH thereof referred in terms to said Trust Agreement, then subsisting, and that this reference to the Trust Agreement was inadvertently carried forward and inserted in the testator's last will, notwithstanding his simultaneous revocation of said Trust Agreement. WHEREFORE, pursuant to 12 V.S.A. § 4714(3), the Court declares and adjudges that the Trust Agreement mentioned in Paragraph ELEVENTH of the testator's last will did not exist at the time he made said will nor at the time of his death, that the reference thereto was erroneous, and that the sentence mentioning it is a nullity and should be entirely disregarded and held for naught in the interpretation of the testator's last will *627 and in the administration of his estate. Petitioner argues that the ruling of the Vermont Probate Court is binding on us, citing Blair v. Commissioner,300 U.S. 5 (1937); Gallagher v. Smith,223 F.2d 218 (3rd Cir. 1955); Kelly's Trust v. Commissioner,168 F.2d 198 (2d Cir. 1948), revg. Garrard E. Kelly Trust #2 v. Commissioner,8 T.C. 1269 (1947); and Lindley v. United States, an unreported case ( D. Minn. 1957, 52 AFTR 1552, 57-2 USTC par. 9893); and that this ruling declares the entire paragraph Eleventh of the will erroneously included and a nullity. We disagree. In determining whether any Federal estate taxes are payable from the decedent's residuary estate, we must look to the law of Vermont. Estate of Sawyer v. Commissioner,73 T.C. 1, 3 (1979). But in this inquiry the judgment of the Vermont Probate Court is not binding on us, even were we to disagree with it, which we do not (see discussion infra). In Commissioner v. Estate of Bosch,387 U.S. 456 (1967), the Supreme Court held that where the federal estate tax liability turns upon the character *628 of a property interest held and transferred by the decedent under state law, federal authorities are not bound by the determination made of such property interest by a state trial court. [387 U.S. at 457.] The Supreme Court further stated that in the absence of a decision by the highest court of a state, where a question of state law is involved "federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." 387 U.S. at 465. The various cases petitioner cites for the proposition that the Vermont Probate Court ruling is binding on us were all decided prior to Estate of Bosch and are not controlling. [3] Accordingly, under Estate of Bosch we must make our own determination of how Vermont law would interpret paragraph Eleventh of decedent's will, giving "proper regard" to the Vermont Probate Court's ruling.
*629 In any event, petitioner misreads the Vermont Probate Court's ruling. The Probate Court did not hold that paragraph Eleventh was entirely a nullity, but only that the sentence mentioning the trust agreement -- i.e., the second of the three sentences in paragraph Eleventh -- was a nullity. Without this second sentence, paragraph Eleventh still provides that all State and Federal estate taxes shall be paid out of the general assets of the estate as an expense of administration. The Vermont court only held that the reference to the trust agreement was inadvertently carried forward to decedent's last will, not that the entire paragraph Eleventh was inadvertent and a nullity. While the parties have not cited, and we are not aware of, any Vermont case precisely on point, we observe that in In re Mattison's Estate,122 Vt. 486, 177 A.2d 230 (1962), the Supreme Court of Vermont stated: In construing a will the first and chief object is to ascertain the intention of the testator, from the language used, since, so far as it may be legally carried out, that governs. To determine such intention, the court is to take the instrument by its four corners, consider it in all *630 its parts, and give effect to its language read in the light of the relation of the parties concerned and the circumstances attending its execution. Force and effect must be given to every part of the will, if possible.In re Trust Estate of Harris, 120 Vt. 399, 404, 405, 141 A.2d 653. We look to the whole context of the will and consider its general spirit. [177 A.2d at 231 (emphasis added).] In the instant case, it is clear from the four corners of the will that the reference to the "Trust Agreement referred to in paragraph Seventh" was erroneous. Paragraph Seventh of the will does not mention a trust agreement. It is equally clear, however, that paragraph Eleventh directs the payment of Federal and state estate taxes first out of property not specifically bequeathed -- i.e., the residuary estate. Only to the extent the "general assets" of the residuary estate are unable to pay the estate taxes does paragraph Eleventh contemplate those taxes being paid from the trust. There is nothing in the will itself which indicates that the direction to pay estate taxes first out of residue in paragraph Eleventh was erroneously included in the will. Nor *631 has petitioner introduced any evidence to show that such direction contravened the intent of the decedent. Both in light of the action of the Vermont Probate Court and the statement of the Vermont Supreme Court in In re Mattison's Estate,supra,177 A.2d at 231, that "[f]orce and effect must be given to every part of the will, if possible," we conclude that the Vermont Supreme Court would give effect to paragraph Eleventh of the instant will to the extent it directs payment of estate taxes first out of residue. Since paying Federal estate taxes and state inheritance taxes out of the residue has the effect of consuming the entire residue, petitioner is entitled to no marital deduction attributable to the residue. Section 20.2056(b)-4(c)(4), Estate Tax Regs. Consequently, respondent's determination on this issue is sustained. Decision will be entered under Rule 155.
Footnotes
1. Under the Uniform Estate Tax Apportionment Act, as in effect in Vermont, Federal and state estate taxes are apportioned among all persons interested in the estate, unless the will otherwise provides. See Vt. Stat. Ann. tit. 32, secs. 7301 and 7302 (1981); In re Estate of Holbrook,138 Vt. 597, 420 A.2d 110↩ (1980). As respondent interprets paragraph Eleventh, it provides for payment of estate taxes first out of the residue of decedent's estate. Petitioner does not dispute respondent's interpretation of the effect of paragraph Eleventh. Paragraph 8 of the stipulation states: "The parties agree that if Clause 11 of the decedent's will * * * is operative, then federal estate taxes and state inheritance taxes exceed the residue; therefore, no residue is available to pass to decedent's surviving spouse and the marital deduction as computed by the respondent is correct." 2. Section 20.2056(b)-4(c)(4), Estate Tax Regs. provides, in part: (4) If the decedent bequeaths his residuary estate, or a portion of it, to his surviving spouse, and his will contains a direction that all death taxes shall be payable out of the residuary estate, the value of the bequest, for the purpose of the marital deduction, is based upon the amount of the residue as reduced pursuant to such direction.↩
3. In addition, Blair v. Commissioner,300 U.S. 5 (1937), was distinguished in Commissioner v. Estate of Bosch,387 U.S. 456, 462 n. 3 (1967), as involving the question of the effect of a property right determination by a state appellate↩ court, which the Vermont Probate Court is not.