NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 15

No. 2016-293

| | |
|---|---|
| In re Appeal of the Estate of Elaine A. Holbrook, Late of Salisbury, Vermont (David Holbrook, Cheryl Holbrook and Charles Holbrook III, Appellants) | Supreme Court<br><br>On Appeal from<br><br>Superior Court, Addison Unit, Civil Division<br><br>January Term, 2017 |

Samuel Hoar, Jr., J.

Peter F. Langrock and Avi J. Springer of Langrock Sperry & Wool, LLP, Middlebury, for
  Appellants.

Kathleen M. Boe and James F. Carroll of Carroll, Boe & Pell, P.C., Middlebury, for Appellee.

PRESENT:  Reiber, C.J., Dooley, Skoglund and Eaton, JJ., and Morris, Supr. J. (Ret.),
                Specially Assigned

¶ 1.    **REIBER, C.J.**  The question presented in this will contest is whether the trial court correctly determined on summary judgment that the testator intended a last will and testament which she executed on the eve of surgery to be absolute rather than contingent on her surviving the surgery.  We conclude that summary judgment was premature in this case because material factual issues remained in dispute concerning the testator's intent, and therefore reverse.

¶ 2.    This is the second appeal to reach the Court in this matter.  In the first, In re Estate of Holbrook (Holbrook I), 2016 VT 13, ___ Vt. ___, 140 A.3d 788, we summarized the basic underlying facts as follows:

Testator [Elaine A. Holbrook] died on February 3, 2013. She was survived by six children, including appellant-executors [David and Cheryl Holbrook], appellee [Amy Holbrook], and seven grandchildren, including appellant-grandson [Charles Holbrook III]. Testator did not have a surviving spouse.

On January 22, 2003, testator signed a three-page handwritten document entitled "My Last Will & Testament." The will is in the form of a letter and is addressed "To all my children." The first sentence of the document—and the main source of contention between testator's children—reads as follows: "In the event that I don't make it through surgery on Thurs the 23rd of Jan. '03, I wish to bequeath you all of the property and personal belongings divided equally to the six of you & to the seven grandchildren." Testator did, in fact, survive the surgery in January 2003 and lived for ten more years before her death in 2013.

Id. ¶¶ 2-3 (footnote omitted).

¶ 3.     As we further recounted, the will named two of testator's children as executors—appellants David and Cheryl Holbrook—who submitted the will to the probate division together with a petition to open a probate estate and a list of "interested persons" identifying testator's children and grandchildren. Id. ¶¶ 4-5. In February 2013, the probate court issued an order allowing the will. There was no appeal. Id. ¶ 6. In March 2013, appellant-executors filed an updated inventory valuing the estate at over $500,000. Id. ¶ 7.

¶ 4.     In April 2013, appellee Amy Holbrook filed a motion with the probate court seeking clarification of the will. Appellant-executors responded with two motions questioning whether the will was properly allowed, raising issues concerning the will's execution, ambiguity in its devise, notice to the grandchildren, and whether the will was "conditional"[1] and therefore invalid.[2] In December 2013, the probate court ruled that the will was properly allowed despite the

---

[1]  As we explained in the first appeal, "A conditional or contingent will is simply a will that will take effect only upon the happening of a specified contingency." Holbrook I, 2016 VT 13, ¶ 1 n.1 (quotation omitted).

[2]  Appellant-grandson filed a separate motion raising the same improper-notice claim as appellant-executors.

lack of proper notice to the grandchildren; that the devise was unambiguous, creating a thirteen-part bequest of equal shares to the six children and seven grandchildren; and that the will was absolute rather conditional. Id. ¶¶ 8-11.

¶ 5.    Appellants timely appealed the probate court ruling to the trial court, and appellee in response moved to dismiss the appeal. The trial court granted the motion to dismiss the conditional-will and notice claims, concluding that they were not timely raised, and granted summary judgment in favor of appellee on the issue of ambiguity in the devise, agreeing with the probate court that the will had created a thirteen-part division of the estate. Id. ¶ 11.

¶ 6.    On appeal, we affirmed in all respects except for the dismissal of the conditional-will claim, which we found was properly raised following the allowance of the will. Id. ¶ 26. Because the court had declined to address the issue, we remanded for consideration of that one remaining claim.

¶ 7.    The parties thereafter filed cross-motions for summary judgment, and the trial court subsequently issued a written decision in favor of appellee. Relying on the parties' respective statements of undisputed facts and supporting affidavits, the court concluded that the will was not conditional but absolute. In explaining its decision, the court noted that appellant Cheryl Holbrook had filed an affidavit stating that the notebook containing the will was not found in any special location maintained for safekeeping but rather "was buried" under a stack of other papers in testator's living room, and that testator had "never told anyone in the family" that she had made the will. The trial court observed that these statements could suggest that testator had not intended the will to be absolute since she did not consider it important enough to file in a prominent place where it could easily be found, nor did she inform any of her children of its location.

¶ 8.    Appellee Amy Holbrook had also filed an affidavit, however, challenging Cheryl Holbrook's principal claims. Amy Holbrook maintained that the will was found in an area where testator had "held office" for many years and represented "to her a very safe and meaningful

3

location." She also asserted that the siblings had spent time searching for the will precisely because they all had reason to believe that there was a will. The trial court observed that these assertions could "support an inference that [testator] intended the will to remain valid for the rest of her life and that she assumed that her family would find it."

¶ 9. The court characterized the conflicting evidence as "ambiguous" and found that neither of the competing inferences from the evidence was "more compelling than the other." Under these circumstances, the court concluded that "the presumption against intestacy" must control, and thus precluded a construction of the will as conditional. As the court explained, where "both the will and the surrounding circumstances are ambiguous . . . the presumption against intestacy . . . requires that the court construe the will as absolute." Accordingly, the court ruled that the will was effective in "creating an equal, thirteen-part devise to [testator's] six children and seven grandchildren." This appeal followed.

¶ 10. Many of the basic principles necessary to a resolution of the instant appeal were previously outlined in Holbrook I and may be briefly summarized. As we explained, "[T]here is a uniform consensus among states . . . that the concept of a will being conditioned on the happening of an event is permissible." Id. ¶ 23. Therefore, "a will may be made contingent on the happening of a condition named therein so that the failure of the condition to occur means there is no will." Id. "To determine whether the conditional language is a statement of the [testator's] motive or inducement for making the will, or whether the testator clearly intended the instrument to be contingent on a condition precedent to the operation of the will, the court must undertake construction of the testator's intent." Id. ¶ 25.

¶ 11. As we further explained, to determine such intention, " '[T]he court is to take the instrument by its four corners, consider it in all its parts, and give effect to its language read in the light of the relation of the parties concerned and the circumstances attending its execution.' " Id. ¶ 29 (quoting In re Estate of Mattison, 122 Vt. 486, 488, 177 A.2d 230, 231 (1962)). If the

4

provisions of a will are plain and unambiguous, there is no need to resort to construction and the court is to apply the language according to its ordinary meaning. Id. If the will's provisions are ambiguous, however, a court may consider extrinsic evidence and rely on settled rules of construction to determine its meaning. Id. It is appropriate, we explained, for a court to "consider extrinsic evidence in order to clarify the circumstances surrounding the making of the agreement." Holbrook I, 2016 VT 13, ¶ 29.

¶ 12. Finally, because the trial court in Holbrook I—as here—had decided the question of the testator's intent on summary judgment, we underscored the general rule that summary judgment is appropriate only when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. ¶ 28 (quotation omitted).

¶ 13. With these principles in mind, we have little difficulty concluding that the entry of summary judgment in this proceeding was premature. When the evidence is in conflict on a genuine, material issue of fact—in this case whether testator intended the will to expire or to remain in effect after she survived her surgery—the usual and proper course is not to ignore that evidence as "ambiguous" but to deny the motion for summary judgment and permit the case to proceed to trial, where the trier of fact may weigh all of the evidence, assess the credibility of the witnesses, and ultimately resolve the factual dispute. See Provost v. Fletcher Allen Health Care, Inc., 2005 VT 115, ¶ 15, 179 Vt. 545, 890 A.2d 97 (mem.) (recognizing that "[s]ummary judgment is improper where the evidence is subject to conflicting interpretations, regardless of a judge's perceptions of [their] comparative plausibility").

¶ 14. It is correct that there is a general reluctance in estate law to find intestacy, hence the general preference for a clear expression of contingency. See, e.g., Holbrook I, 2016 VT 13, ¶ 25 (noting that courts must examine testator's intent to determine whether conditional language was mere statement of "motive or inducement for making the will" or whether testator "clearly

5

intended the instrument to be contingent" (emphasis added)); <u>Weatherhead v. Stoddard</u>, 58 Vt. 623, 629, 5 A. 517, 519 (1886) (observing that "no estate will be held contingent, unless <u>very decided terms of contingency</u> are used in the will" (emphasis added)). Nor was the court incorrect in observing that superficially inconsistent holdings from other jurisdictions construing similar will provisions may simply reflect the "fact-specific nature of the cases." Indeed, as this Court has observed, "[n]o two wills are <u>exactly</u> alike," hence seemingly similar cases may often yield decisions "lacking in harmony." <u>In re Estate of Mattison</u>, 122 Vt. at 489, 177 A.2d at 231 (emphasis added).

¶ 15.    The lesson is that language cannot be viewed in isolation, nor its purpose extracted from "presumptions." The parties here offered conflicting evidence as to whether testator intended the will to be a conditional or absolute will, and the case must therefore be remanded for a trial to resolve that issue.

<u>Reversed and remanded</u>.

FOR THE COURT:

_____

Chief Justice

6